Nov. Term, 1850.

GAMBLE
v.
GRIMES.

---

GAMBLE and Another *v.* GRIMES.

A bill of exchange was drawn on a firm, and was accepted by one of the partners in the name of the firm. The bill included an individual debt due by the one accepting, and also a debt due by the firm. The other, and then only surviving member, pleaded the general issue under oath. *Held*, that the drawers could recover on the bill the amount of the firm-debt included in it.

If the drawers could have shown previous authority to the partner to accept the bill, or a subsequent approbation of the act, they could have recovered the whole amount.

A partial want or failure of consideration avoids a bill of exchange only *pro tanto;* but where the consideration is illegal in part, then it avoids the bill *in toto.*

*Friday,*
*December 6.*

ERROR to the *Montgomery* Circuit Court.

PERKINS, J.—Assumpsit by *Gamble* and *Lane* upon the following bill of exchange:

"Exchange for $626 51.

"*Louisville, Nov.* 18th, 1840.

"Ninety days after date of this first of exchange, second of same tenor and date unpaid, pay to the order of ourselves 626 dollars and 51 cents, for value received, and charge the same to account of notes given up.

"*Gamble* and *Lane.*

"To Messrs. *Hendrix* and *Grimes,*

"*Portland Mills, Ind.*"

Across this bill was written, in the hand-writing of *Hendrix*, "Accepted, payable in the *Branch State Bank of Ind.,* at *Terre Haute.         Hendrix* and *Grimes.*"

*Grimes,* the defendant to this suit, pleaded the general issue under oath. He is the surviving partner of *Hen-*

*drix,* deceased. On the trial it was proved that *Hendrix* had a store, of which he was sole owner, at *Portland Mills, Indiana,* and that *Hendrix* and *Grimes* owned one, as partners, at *Jacksonville,* in the same state; that *Gamble* and *Lane* knew these facts, and that goods were purchased of them for both of said stores, and sent by them severally to each. It was shown that the bill in question was given in settlement of the following account:

"*G. Hendrix* in account with *Gamble* and *Lane:*

| | | |
|---|---:|---:|
| "To amount of balance note dated *February,* 5th, 1840, on day, | $53 | 22 |
| "To amount of interest on same to 18th *November,* '40, | 3 | 70 |
| "To amount of note at four months from 18th *May,* '40, | 294 | 08 |
| "To amount of interest on same to 18th *November,* | 3 | 00 |
| "*Hendrix* and *Grimes's* note balance at four months from 12th *May,* | 349 | 62 |
| "Interest on same to 18th instant, | 3 | 80 |
| | 707 | 42 |
| "By cash received on 18th instant, | 100 | 00 |
| | 607 | 42 |
| "Interest ninety days and exchange, | 19 | 09 |
| | $626 | 51 |

"Memo. *Hendrix* and *Grimes's* acceptance to *Gamble* and *Lane* for 626 dollars 51 cents falls due the 16–19th *February,* 1841, in the branch bank, at *Terre Haute, Indiana*—19th is the last day of grace." *Hendrix,* it will be remembered, was the partner who accepted the bill.

The Court, sitting as a jury, found for the defendant.

The bill of exchange sued on in this case was probably accepted in part for the individual debt of *Hendrix,* and in part for the firm debt of *Hendrix* and *Grimes;* and these facts present two questions:

VOL. II.—50

1. Can the drawers recover of the firm the whole amount of the bill?

2. If not, can they recover, on the bill, the amount of the firm debt included in it?

Should either of these questions be answered in the affirmative, the judgment below must be reversed.

They may recover the whole amount if they can show previous authority to accept the bill, or subsequent approbation of the act, *a strong case of subsequent approbation raising an inference of previous positive authority.* " In many cases of partnership, and different private concerns, it is frequently necessary for the salvation of the partnership that the private demand of one partner should be satisfied at the moment; for the ruin of one partner would spread to the others, who would rather let him liberate himself by dealing with the firm. The nature of the subsequent transactions, therefore, must be looked to, as well as that at the time." See note *Z* to p. 46, 8 Ed. Chit. on Bills.

They may recover the amount of the firm debt, covered by the bill. Chit. on Bills, *supra.* *U. S.* v. *Bradley,* 10 Peters (U. S.) 343. *Story,* in his work on Bills of Exchange, says, "There is one peculiarity in cases of illegality of consideration, in which it is distinguishable from the want or failure of consideration. In the latter, if there be a partial want or failure of consideration, it avoids the bill of exchange only *pro tanto;* but, where the consideration is illegal in part, there it avoids the bill *in toto*." "Probably a similar ground would be assumed in cases of fraud, at least where the ingredients were grossly offensive, or where the transactions were so connected, as to be incapable of a clear and definite separation."

"If a bill accepted in a partnership firm be applied, with the knowledge of the party who takes the bill, in *part only* to the separate use of the partner who actually accepts it, a secret partner, not known to the individual who receives the bill, is liable in respect of so much of

the amount, as is not to the knowledge of the taker, applied to the separate use of the partner who accepts the bill." Chit. on Cont. 7 Am. Ed. 256.

In Coll. on Part. 3 Am. Ed. it is said, "If a partner, indebted on his own separate account, transfers to his creditor, in payment of that debt, a partnership security greater in amount than the debt, and takes the value for the *difference*, as in the ordinary course of the business of the firm, it seems that in this case, whatever be the nature of the transaction as regards the separate debt, and even if that transaction be void against the firm through collusion on the part of the creditor, the firm will, nevertheless, in all cases, be responsible for the difference." In a note to this paragraph, the *American* editor adds, "It seems that the *dictum* of *Denison*, J., in *Robinson* v. *Bland*, 2 Burr. 1082, relative to the contract under a *security*, being bad *in toto* if part of the consideration is bad, applies only to cases of *illegal* consideration. See Sergeant *Peake's* notes to *Barber* v. *Backhouse*, 1 Peake, 61." And see particularly *Wintle* v. *Crowther*, given nearly at large in Chit. on Bills, *supra*. See, also, Greenl. overruled Ca. p. 405, under " *United States* v. *Morgan*." In the present case, no part of the consideration of the contract was against a statute, or *malum in se*, and the amount of the firm debt was clearly separable from that of the individual debt of *Hendrix*. *Spahr* v. *Hollingshead*, 8 Blackf. 415. Thus much on the questions of law.

Counsel insist, however, that the judgment below should be sustained on the ground that the Court may have found on the evidence that the bill covered no amount of partnership debt. After a most careful examination of the evidence, we are unwilling to preclude another trial on this ground.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Cowgill*, for the plaintiffs.

*H. S. Lane* and *S. C. Willson*, for the defendants.