———————o———————

## SULLIVAN *v.* McGOWEN and Others.

33 139
141 184

DESCENT.— *Widow.*—A., being seized in fee as tenant in common of an undivided half of certain land, died in 1856, intestate, leaving no child and no father or mother surviving him, but leaving brothers and sisters, and his wife, who afterwards married and with her husband conveyed to B. her interest in said land acquired by descent from A.

*Held*, in a suit against B. and the collateral heirs of A. by the grantee of the co-tenant of A., for partition, commenced in 1868, that B. was entitled to the whole of said land of which A. was seized at his death.

APPEAL from the Knox Common Pleas.

ELLIOTT, J.—This was a petition for partition filed by Francis Maier against Sullivan, the appellant, and others.

Maier claimed in the petition to be seized of an undivided half of a tract of land, therein described, and alleged that the appellant was seized of one fourth, and the collateral heirs of Neely McGowen, deceased, of the residue thereof.

The court found the facts specially and stated the conclusions of law arising thereon, which presents the questions argued here.

The facts, as they appear by the finding of the court, are, in substance, as follows: On the 11th of January, 1856, James McGowen and Neely McGowen became seized in fee, as tenants in common, by the devise of their father, of the tract of land described in the petition.

On the 10th of July, 1866, James McGowen conveyed his interest in the land to Maier.

Neely McGowen died on the 11th of July, 1856, intestate, seized of the undivided half of said land, without issue, and leaving neither father or mother surviving, but leaving his wife, Caroline, surviving as his widow, and leaving also, brothers and sisters, as stated in the petition. The interest in the land, of which said Neely McGown died seized, was, at the time of his death, of the value of nine hundred and fifty dollars, and he also left personal property of the value of five hundred and fifty dollars, of which the widow selected at the appraisement and received from the administrator, articles of the value of three hundred dollars; and the remainder of the personal property was sold by the administrator, and the proceeds applied to the payment of debts of the decedent. On the 3d day of November, 1861, said Caroline, with her second husband, Alexander McCoy, conveyed her interest in said tract of land, acquired by descent from her former husband, Neely McGowen, deceased, to the appellant, William Sullivan.

From these facts, the court, as a conclusion of law, found that the plaintiff, Maier, was the owner of one undivided half of said tract of land, and, because the personal property selected by the widow, together with the real estate of which her husband died seized, exceeded in value one thousand dollars, that therefore only one half of his estate descended to her and the remainder to his brothers and sisters; and that therefore the defendant Sullivan is the owner of only one undivided fourth of said real estate, and that

his co-defendants are the owners of one undivided fourth thereof, as set forth in the complaint.

Sullivan excepted to the conclusions of law so found by the court. Judgment was rendered in accordance with the finding. Partition was subsequently made accordingly, which the court confirmed; and Sullivan appeals.

The case was evidently decided in the court below on the third section of an act of 1853, amending the twenty-fifth section of the act regulating descents and the apportionment of estates, approved May 14th, 1852 (See Acts of 1853, pp. 55-6). And the question is discussed in this court, by the counsel on either side, upon the hypothesis that it is governed by the amendatory act of 1853. In this, counsel are mistaken. The first four sections of the act of 1853 were intended to amend sections 18, 24, 25, and 26 of the statute of descents of 1852. The sections as amended are set forth at full length, but the original sections are not set out in the amendatory act, and for that reason, were regarded as obnoxious to the twenty-first section of article four of the constitution of the State, under the decision of this court in *Langdon* v. *Applegate,* 5 Ind. 327, at the November term, 1854. Subsequent to that decision, this and many other amendatory acts passed at the same session, which were subject to the same objection, were never acted on or enforced. In 1867, the legislature passed an act approved March 9th, 1867, which reads as follows:

"Sec. 1. *Be it enacted by the General Assembly of the State of Indiana,* That all laws heretofore passed not in conformity with the ruling of the Supreme Court of this State in the case of Langdon against Applegate and others, reported in the 5th volume of the Indiana Reports, on page 327, are hereby repealed.

"Sec. 2. All actions arising out of or for a violation of any law repealed by this act, shall be commenced within ninety days from the passage of this act, and not afterwards.

"Sec. 3. An emergency existing for the immediate tak-

ing effect of this act, the same shall be in force from and after its passage."

The case of *Langdon* v. *Applegate*, referred to in the above act, was overruled in the case of *The Greencastle Southern Turnpike Co.* v. *The State*, 28 Ind. 382; but that does not affect the question here. This suit was commenced on the 28th day of March 1868, long after any right of action under the act of 1853 was barred by the second section of the act of 1867.

The twenty-sixth section of the statute of descents (1 G. & H. 296) provides, that "if a husband or wife die, intestate, leaving no child, and no father or mother, the whole of his or her property, real and personal, shall go the survivor."

This section is still in force, and is decisive of the question involved in the case.

Neely McGowen having died intestate, leaving no child, and no father or mother, his entire interest in the land in controversy descended to his widow. *Shaw* v. *Breese*, 12 Ind. 392. And the widow having conveyed her interest to the appellant, he is entitled to have the same, that is, one half of the tract described in the complaint, set off to him, in severalty.

The judgment and all the proceedings subsequent to the finding of the facts by the court are reversed and set aside, with costs, and with directions to the court of common pleas to appoint commissioners to partition the land equally between the plaintiff below and the appellant Sullivan, and for further proceedings in accordance with this opinion.

*F. W. Viehe*, for appellant.

*N. F. Malott* and *T. R. Cobb*, for appellees.