LAFOLLETT ET AL. *v.* KYLE.

VENDOR AND PURCHASER.—*Specific Performance.—Contract of Father with Minor Son.*—A parol contract made by a father with his infant son, that if the son would remain with the father and assist him until the marriage of the son, the father would convey to the son certain land of which the father was seized in fee, was not invalid for uncertainty, nor was it with-out consideration or obligation on the father because of the minority of the son, and if it was performed on the part of the son, and he was put in possession, and lasting and valuable improvements were made by him, he might enforce specific performance.

SAME.— *Witness.—Heirs.—Practice.*—On the trial of an action by said son for specific performance of said contract, against the other heirs of his deceased father, one of the defendants was called by the plaintiff as a witness in regard to said contract. After he had testified in chief, he stated on cross-examination, that he had a similar suit pending in the same court, and that he supposed that he would gain it, if the plaintiff in this action should gain his suit. The defendants then objected to the competency of this witness, for the reason that he had testified that he was interested, and had been a party to this suit, and had suffered a default. *Held*, that the objection was properly overruled.

From the Montgomery Circuit Court.

*Thomson & Ristine* and *McDonald & Butler,* for appellants.

*Cowan & Patterson* and *Kennedy & Brush,* for appellee.

DOWNEY, J.—This was an action by the appellee against the appellants, and there was judgment for the plaintiff.

Two errors are assigned:

1. Overruling the demurrer to the first, third and fourth paragraphs of the complaint.

. 2. Refusing to grant a new trial.

A demurrer to the second paragraph of the complaint was sustained; but there is no question by the appellee as to that ruling.

In the first paragraph of the complaint it is alleged, that, in 1871, George T. Kyle died, leaving as his widow, Elizabeth Kyle, the following children by a former marriage: John W Kyle, the plaintiff, Mary A. Lafollett, married to William B. Lafollett, James T. Kyle, Silas F. Kyle, Letty S. Barnes, married to Harvey C. Barnes, and the following children by his marriage with said surviving widow: Mildred Kyle, Eliza Kyle, Nancy Kyle, Sarah Kyle, Willard Kyle, George Kyle and Charlotte Kyle, all of whom are made defendants; that during the lifetime of said George T. Kyle he was seized in fee simple of certain real estate, a part of which is particularly described in the complaint; that during his lifetime, to wit, in the year 1856, said George T. Kyle agreed and promised that, in consideration of plaintiff's continuing to live at home and assist the said George T. Kyle until he was married and ready to move upon said described tract of land, he, the said George T. Kyle, would convey to him in fee simple the said above-described land; that, relying upon said promise, this plaintiff continued to live with his father and assist upon his farm and in his business until the year 1863, the plaintiff having married in the year 1861, and being then twenty-five years of age, when, under the said promise of conveyance, and under a new promise at the time made, that he, the said George T. Kyle, considered said land to be the property of plaintiff and would convey the fee simple title to him, with said George T. Kyle's knowledge, approbation and consent, this plaintiff

entered and took possession of said land, and, acting upon the faith of said promise, he continued to occupy the same ever since, and now occupies the same; and during this period, relying upon said promises as aforesaid, he has made many lasting and valuable improvements on said land, such as erecting a dwelling and necessary out-buildings, planting orchards, ditching and clearing and fencing said land, and, in addition thereto, this plaintiff has spent large sums of money in otherwise improving said land. But plaintiff . avers that said George T. Kyle died without making the said deed of conveyance, and without providing in any way for the settling of the title for said land in this plaintiff. Wherefore, etc.

The third paragraph is not materially different from the first, except that it alleges that the consideration to be paid by the plaintiff for the land, and which he alleges he did pay, was two thousand dollars.

The fourth paragraph alleges, that the deceased was indebted to the plaintiff, in the sum of three thousand dollars, for work and labor, and, in consideration thereof, agreed to convey the land. In other respects this paragraph is substantially like the first.

A demurrer filed by the widow to each paragraph of the complaint was sustained, and no one is making any complaint as to this ruling.

The answer was in two paragraphs. The first paragraph was a general denial. The second was struck out because it amounted to a general denial merely.

There was a trial by a jury, and a verdict for the plaintiff. A motion by the defendants for a new trial was overruled, and there was judgment for the plaintiff for the specific performance of the contract.

Counsel for appellants urge that the contract set forth in the first paragraph of the complaint is too uncertain to authorize a specific performance, because the contract was, that the plaintiff would remain with his father only until he was mar-

ried, and not for any definite time, or to do any specific work.

We are not of this opinion. We think such an agreement is valid, and that when it has been performed on the part of the purchaser, and so far performed on the other side as to take the case out of the operation of the statute of frauds, a performance of it may be specifically adjudged.

Again, it is argued that the plaintiff was a minor, and that as the contract was not binding on the son, neither was it obligatory on the father. There is nothing in this objection. It is well settled that in contracts between an adult and an infant, the former may be bound by the contract, although the latter is not.

Again, it is claimed that the contract was without consideration, for the reason that the plaintiff was under the age of twenty-one years, and the deceased was therefore entitled to his services without making any compensation therefor. Conceding that the father was entitled to the services of the plaintiff while he was a minor, still the father might relinquish such right, and bind himself to pay a compensation for the services. And besides this, the plaintiff agreed to labor for his father until he was married, although that might be after he became of full age.

No particular objection is urged against the third and fourth paragraphs of the complaint, and we do not perceive any.

On the trial of the cause, James T. Kyle, one of the defendants, was called by the plaintiff as a witness and examined as to the contract between the plaintiff and the deceased. It is urged that this was an error. We are referred to the statute, 3 Ind. Stat. 561, second proviso, which reads as follows:

"That in all suits by or against heirs, founded on a contract with or demand against the ancestor, the object of which is to obtain title to or possession of land or other property of such ancestor, or to reach or affect the same in

any way, neither party shall be allowed to testify as a witness as to any matter which occurred prior to the death of such ancestor, unless required by the opposite party or by the court trying the cause," etc.

The witness began his testimony, and after he had come to speak of the conversation between the plaintiff and the deceased with reference to the alleged contract, objection was made by the defendants on the ground that the plaintiff was, at the time of the contract, under age. We think this objection was properly overruled for the reason already stated. After the witness had fully testified on the direct examination, and was being cross-examined, he stated, in answer to questions, that he had a similar suit pending in the same court, and that he supposed that if the plaintiff gained this case the witness would gain his. The defendants then objected to the competency of the witness, for the reason that he had testified that he was interested, had been a party to this suit, and had suffered a default to be taken against him.

It appears to us that this objection was made too late. The witness had fully testified in chief, without any objection, on this ground, as to his competency. We do not say that the question might not have been properly made and reserved by a motion, at that stage, to strike out the evidence given. But if the court had sustained the objection made, the evidence of the witness already given would still have been before the jury. We do not decide, in what we have said, that the witness was incompetent. He was called by the adverse party, and, *prima facie*, was adverse, not in position in the record only, but also in interest, for if this action had been defeated he would have had an interest with the other heirs of the deceased in the land in controversy. The bill of exceptions shows only what we have already stated as to how his action would be affected by the result of this one. The mere supposition of the witness, that if the plaintiff gained this case he would gain his, seems to us too uncertain a statement on which to exclude the witness, if there was no other reason. If the witness had an interest, as

contended by appellants, in the result of this suit, prompting him to testify favorably to the plaintiff, which, as we have said, does not clearly appear, he also had an interest which might move him to testify the other way, as we have already stated. How these conflicting interests affected his testimony, was a question for the jury. We do not think there was any error in allowing him to testify.

The question as to the sufficiency of the evidence is urged upon us. We do not regard the case as a very satisfactory one, and yet it is one which presents itself in such shape that we cannot disturb the judgment without invading the province of the jury.

Counsel say that to allow the plaintiff to recover the title to this land will give him more than an equal share of the whole estate of the deceased, and that not by way of advancement, and would enable him to share with the other heirs in the residue of the estate. This is no reason why the plaintiff shall not have the land, if, as the jury found, he purchased and paid for it.

The judgment below is affirmed, with costs.