Jessup v. Trout.

No. 8438.

JESSUP v. TROUT.

PRACTICE.—*Overruled Demurrer not in Record.*—*Presumption.*—*Supreme Court.*—When a demurrer has been filed and overruled, and the record does not contain the demurrer, the Supreme Court will presume that it was overruled on account of its own defects, or because it presented some objection to the pleading to which it was not liable.

CONTRACT.—*Consideration.*—*Evidence.*—The consideration of a written contract is always open to inquiry, and may be shown by parol evidence.

PROMISSORY NOTE.—*Failure of Consideration.*—*Mortgage.*—Where a note is given by a mortgagee to one in trust for his mortgagor, payable if either redeem the mortgaged property from a sheriff's sale, and not otherwise, a failure to redeem works a failure of the consideration of the note.

SAME.—*Sheriff's Sale.*—*Right of Redemption.*—A mortgage creditor's legal right to redeem from a sheriff's sale is not a consideration moving to him from his mortgagor, and his redemption will not alone support a note to his mortgagor, payable if either redeem the mortgaged property, and not otherwise.

From the Henry Circuit Court.

*J. H. Mellett* and *E. H. Bundy*, for appellant.

NEWCOMB, C.—The appellant sued the appellee upon a promissory note for $600, executed to the appellant. Answer: 1. That the note was given without any consideration whatever. 2. That the defendant sold and conveyed to one David Jessup an interest in a flouring mill, and took from him three notes of $1,000 each, for the deferred payments, secured by a mortgage on the mill; that defendant sold two of said notes, and retained the other, which was due and unpaid; that said mortgage was foreclosed upon the notes so transferred, in the name of said assignees, and a decretal order made for the sale of said mill property, and that John Small, who held one of said notes, bid in said property at a sheriff's sale made on said decree; that said David Jessup was in possession of said mill, and had a right to redeem the same from said sale within one year thereafter, but should he redeem from said sale, then said mill

would be subject to sale upon the defendant's part of said mortgage, and if he should fail to so redeem, then the defendant would have to redeem the same, or lose the purchase-money so secured in said mortgage; that, at the time of the giving of the note in suit, it was agreed between the defendant and David Jessup, that, if said David should be unable to raise sufficient money to redeem said mill, and if the defendant should be financially able to and could redeem the same, and did in consequence thereof obtain a title to said mill, then and in that event defendant was to pay said Jessup six hundred dollars twenty-four months thereafter, and to secure said promise the note in suit was given, and for no other consideration whatever; that at the time said note was given, and at the request of said David Jessup, the same was given to the plaintiff, he, said David, then and there stating that he desired that said plaintiff should hold said note and be the payee thereof, for the use of him, said David Jessup; that the defendant was not financially able, and could not and did not redeem said mill, nor did said David Jessup redeem the same, but said Small obtained a fee simple title thereto, and said David Jessup wholly failed to pay any of the purchase-money so due and owing at the time of the giving of said note. Wherefore defendant says that the consideration of said note has wholly failed.

A demurrer to this paragraph of the answer was overruled, and the plaintiff excepted. The demurrer is not in the record. We must presume, therefore, that it was overruled on account of its own defects, or because it presented some objection to which the pleading was not liable. *Crowell* v. *The City of Peru*, 41 Ind. 308; *Comer* v. *Himes*, 49 Ind. 482.

A denial was filed to both paragraphs of the answer. Trial by jury, verdict for the defendant, and motion of plaintiff for a new trial overruled.

The causes alleged for a new trial were, that the court erred in admitting certain evidence over the objection of the plaintiff, and in its instructions to the jury, that the verdict was not sustained by sufficient evidence, and was contrary to law.

The testimony of Isaac Trout was to the effect that he executed to the plaintiff, at the same time, two notes for six hundred dollars each, one of them payable twelve months after date, and the other the note in suit ; that the twelve-months note was given in consideration that David Jessup would surrender to him the possession of the mill for the year allowed by law for redemption from the sheriff's sale, and that this note was paid at maturity. Of the somewhat lengthy statement given by this witness as to the terms on which the note in suit was executed, and the consideration therefor, the plaintiff objected to the following, and excepted to its admission : "If I redeemed the mill I would pay him six hundred dollars more, but if I did not redeem it, six hundred dollars was all I was to pay. I had some prospect that I would get the money necessary to pay off the mortgage—the claim on the mill—I mean the claim that Hodson & Small had against it, and if I succeeded and got the mill in my possession I would pay him six hundred dollars more for some of his losses ; but, if I did not get the mill, I was not to pay the note. * * .* * * This is the same note I gave on the condition that if I redeemed the mill I would pay it. If I did not redeem the mill, this note was to be cancelled—handed back to me. It was not to be paid at least. I don't remember the exact words."

Samuel Trout, a witness for the defendant, gave the following testimony, over the objection of the defendant : "In case Jessup redeemed, this note (the twenty-four months note) was to be handed over without being paid, and if my brother" (the defendant) "failed to get the money when he

was looking for it, the note was not to be paid. The note was to be paid if my brother redeemed.''

David Jessup testified on behalf of the plaintiff, that both the $600 notes were given in consideration of the purchase and possession of the mill by Trout; that the latter agreed to pay him $1,200 and pay off all claims against the mill; that he surrendered the possession of the mill to Trout on the day the contract was made, and that nothing was said about giving up the note sued on, upon any condition.

There was evidence from which the jury might find that no consideration for the note moved from the payee, Charles Jessup, but that it was made payable to him at the instance of David Jessup, to prevent the same from being subjected to the claims of the creditors of the latter.

The court, of its own motion, gave the following instruction to the jury, to which the plaintiff excepted: "If Trout sold and conveyed to David Jessup a certain mill, and took his notes secured by mortgage thereon for the deferred payments of purchase-money, and afterwards sold and assigned a part of said notes to third parties, and David Jessup failed to pay them, and the mortgage was foreclosed and the mill sold at sheriff's sale and purchased by John Small, the holder of one or more of said notes, and David Jessup was in the possession of said mill, and he and Trout estimated that the right of said Jessup to hold said mill for one year after such sale was worth $600, and Trout agreed with said Jessup that he would purchase such right and pay him $600 therefor, and give him a note therefor payable in twelve months; and it was further agreed that if David Jessup could not and did not redeem said mill from said sheriff's sale, and if Trout did redeem it that he would pay said David Jessup the further sum of $600, and executed the note in suit for that consideration and none other, and if, in fact, said Jessup did not redeem said mill, and if Trout did not redeem it, but at the expiration of the year for redemp-

tion both Jessup and Trout had failed to redeem, and Small got the property by sheriff's deed under his purchase; in that event the note in suit could not be collected, and your verdict would be for the defendant.''

The same question is presented by the admission of the evidence objected to and the instruction complained of. The appellant contends that both the evidence and instruction were in opposition to the well established rule of evidence, that parol testimony is not admissible to vary or contradict the terms of a written contract; and, if this had been the only effect of the evidence, its admission would have been erroneous and the instruction wrong; but there is another rule equally well settled, which is, that the consideration of a written contract is always open to inquiry, and may be shown by parol testimony. Both rules are so well understood, and have been so long acted upon, that a citation of authorities in their support is needless.

We think that the evidence objected to, in connection with other testimony given by said witnesses, tended to prove that the note was without consideration. As a mortgage creditor, Trout had a legal right to redeem from the sheriff's sale, and such redemption was not a sufficient consideration to support the note in suit. If, as testified by Trout, the note was given to make good a part of the losses of David Jessup in the mill, in case Trout should redeem from the sheriff's sale, that was no consideration for the note, there being neither allegation nor evidence in the record that he was under a moral, much less a legal, obligation to make good or to share such losses.

The court gave to the jury proper instructions relative to the burden of proof under the issues, and concerning their rights and duties as triers of the facts and judges of the weight of the evidence and the credibility of the witnesses. Had they found the fact to be, that the note in controversy was given in consideration of the surrender of possession of

the mill to Trout, their verdict should have been for the plaintiff ; and there was nothing in the instruction complained of that could have tended to withdraw the attention of the jury from the evidence on that point, or to lead them to a false conclusion in regard to it. On the hypothesis stated in the instruction, the law was correctly given to the jury, and there was sufficient evidence of a want of consideration for the note to justify the verdict for the defendant.

The circuit court committed no error, and its judgment should be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment below be and it is hereby affirmed, at the costs of the appellant.