Shackman v. Little *et al.*

No. 10,284.

SHACKMAN v. LITTLE ET AL.

AMENDMENT.—*Summons.*—*Misnomer.*—*Mistake.*—A complaint by mistake named the defendant Jacob S. instead of Joseph S., and the summons followed the complaint, but was served on Joseph S. Upon amendment of the complaint, correcting the error, there was a motion to quash the summons, whereupon the court gave leave to amend the summons to correspond with the amended complaint, and then overruled the motion. *Held,* that the latter ruling was not error.

SUPREME COURT.—*Demurrer.*—*Record.*—Where a demurrer to the complaint is not in the record, the ruling upon it can not be questioned in the Supreme Court.

SAME.—*Evidence.*—Overruling an objection to evidence, in support of which no reason was stated in the court below, is not available error.

SAME.—*Interrogatory to Jury.*—The refusal to submit an interrogatory to the jury, when the record does not show by whom or when it was requested, is not available error.

SAME.—*Instructions.*—The refusal of instructions is not available error where the record does not show the instructions which were given.

PRINCIPAL AND AGENT.—*Implied Powers of Agent.*—An agent has implied power to bind his principal as to all matters necessarily incident to the execution of the power expressly conferred upon him.

From the Lagrange Circuit Court.

*H. C. Dodge,* for appellant.

*J. H. Baker* and *J. A. S. Mitchell,* for appellees.

FRANKLIN, C.—Appellees sued appellant in the Elkhart Circuit Court upon a written contract for $400. The defendant entered a special appearance, and moved to quash the summons, which was overruled. A general appearance was then entered, and a demurrer filed to the complaint, and overruled. The demurrer is not in the record. The venue was then changed to the LaGrange Circuit Court, where an answer in two paragraphs was filed, a denial and *non est factum;* and answers were filed to interrogatories that had been filed with the complaint. There was a trial by jury, verdict and answer to interrogatories returned for the plaintiffs, motion for a new trial overruled, and judgment rendered for the plaintiffs.

The errors assigned in this court are:

1st. Overruling the motion to quash summons.

2d. Overruling the demurrer to complaint.

3d. Overruling the motion for a new trial.

In the original complaint the defendant was sued in the name of Jacob Shackman instead of Joseph Shackman. The summons was issued containing the name of Jacob Shackman as the defendant, but was served upon Joseph Shackman. The complaint was amended by inserting the defendant's name as Joseph instead of Jacob. Whereupon the defendant entered a special appearance and moved to quash the summons, when plaintiffs moved to amend the summons to correspond with the amended complaint; the court granted the leave to amend, and overruled the motion to quash, when defendant entered a general appearance and demurred to the complaint. There was no error in overruling the motion to quash the summons. *Haines* v. *Bottorff*, 17 Ind. 348; *Johnson* v. *Patterson*, 59 Ind. 237; *Dunkle* v. *Elston*, 71 Ind. 585.

The demurrer to the complaint is not in the record, and we can not tell for what cause the demurrer was filed; therefore, no question is presented on the demurrer. *Long* v. *Town of Brookston*, 79 Ind. 183; *Jessup* v. *Trout*, 77 Ind. 194.

The first reason assigned for a new trial is, that the verdict is not sustained by sufficient evidence. We have examined the evidence, and think it tends clearly to sustain the verdict. The contract sued upon was executed in the name of appellant by one Shilt, as his agent, and appellant says in his brief, "The only issue triable was, had Shilt authority to sign appellant's name, or did the appellant ratify the act of signing?"

Mr. Davis testifies that a short time before the contract was executed appellant, with said Shilt, came into his office, and in talking about the matter in controversy said to witness that he was very anxious to get a room in Goshen in which to start a clothing store; he was then going home, but said to witness that any contract Shilt would make for the rent of a

·store-room would be all right.    We can not disturb the ver-
·dict upon the evidence.

The second reason for a new trial is error in admitting the
testimony of Wilson and Davis.  Wilson's testimony was con-
tained in a deposition, and a motion to suppress the parts read
in evidence had previously been overruled.   At the time the
deposition was read in evidence, the record does not show that
any reason or specific objection was given or pointed out
against the giving of the questions and answers in evidence.
After the motion to suppress had been overruled as to these
·questions and answers, they would be read in evidence as a
matter of course, unless some sufficient reason for not doing
so was given by the objector.

No question is properly presented as to the admissibility of
any part of Wilson's deposition.  The record shows that parts
of Davis's testimony were objected to by appellant, but does
not show any reason for the objection, or that any reason for
the objection was at the time pointed out to the court.   Ob-
jections to the admissibility of evidence can not in this way
be made available in this court.

The third reason for a new trial is for error in overruling
appellant's motion to suppress the deposition, and each ques-
tion and answer therein, of Henry D. Wilson, for the reason
that said Wilson " had no knowledge upon the subject-matter
of this action, other than what he obtained while in the em-
ploy of the said defendant, as his confidential counsel and
legal adviser in and about the subject-matter of this suit."
And the defendant filed his affidavit to the facts of said rea-
son, in support of said motion.   Plaintiffs filed the counter
affidavit of William J. Davis in opposition to said motion.
Davis in his affidavit states that he was, and for one year last
past had been, a partner with said Wilson, and that they were
attorneys-at-law; " that, in addition to carrying on the prac-
tice of their profession as attorneys, they rented real estate,
·collected rents and did other business in the character of agents
for persons employing them; that this affiant and his said

partner were employed by said defendant to procure for him, the use and possession of a store-room by renting the same for him; that this affiant and his said partner were only employed by defendant to rent for him a store-room;" that they communicated with the parties to be negotiated with, and that in reducing the terms of the bargain to writing, he acted as the scrivener for both plaintiffs and defendant; that in the negotiations of said lease he and his partner acted simply as agents for the defendant, and in no sense as counsel and attorneys.

Upon these affidavits the motion to suppress was submitted to the court. The court sustained the motion in part, and overruled it in part. The evidence was before the court, and we see no sufficient reason for disturbing the ruling of the court upon the motion.

At the time of the giving of the testimony of Davis objections were made to some of the questions and answers, but no reasons were stated for the objections; and in the same manner and for the same reason the objections made to the testimony of Sarah E. Little, as stated in the fourth reason for a new trial, are unavailing. City of Delphi v. Lowery, 74 Ind. 520 (39 Am. R. 98).

The fifth reason stated for a new trial is for striking out interrogatory numbered 9. The record shows that the court refused to submit to the jury the following interrogatory: " 9. Did each of the plaintiffs, separately from the other, have a one-half interest in any sum of money which the contract mentioned in complaint (if the same had ever been made by sufficient authority), could entitle them? or, in other words, did each plaintiff have a separate and distinct interest to a separate one-half of such sum of money?" But the record does not show when or by whom said interrogatory was asked to be submitted, and the interrogatory was immaterial. The contract sued upon contained a promise to pay the plaintiffs jointly, and it made no difference to defendant what interest each of the plaintiffs had in the payment. The contract ad-

mitted a joint interest, and no harm was done the defendant by refusing to submit the interrogatory.

The sixth reason for a new trial is the refusing to give instructions numbered 2 and 4, asked for by the defendant.

The record shows that all the instructions given are not in the record, and we can not tell whether the instructions asked had not substantially been given by the court in its instructions. *Coryell* v. *Stone*, 62 Ind. 307.

The seventh reason is for error in instructing the jury as contained in bill of exceptions number 2.  That instruction is as follows : " If you find from the evidence that said Shilt did sign the defendant's name to the contract sued upon, and that he was duly authorized to rent for him a store-room in Goshen and obtain for him the immediate possession thereof, and to sign the defendant's name to the lease therefor ; and if you further find that at the time such authority and powers were conferred upon said Shilt, it was in the contemplation of himself and the defendant, and understood between them, that a bonus would have to be paid to the occupant of any room that might be obtained in order to get the immediate possession thereof, then such authority and power, so given under such circumstances and understanding, would authorize said Shilt to enter into the contract referred to in the complaint, and sign the defendant's name thereto. And ❦ said Shilt did, in pursuance of such power and authority, enter into the said contract in the name of and in behalf of the defendant, and sign his name thereto, such contract would be as binding and of the same effect upon the defendant as though he had signed his own name thereto."

It is admitted by appellant in his brief, that "An agent has, by inference of law, power to do any and all acts *necessarily* incident to the performance of the duty required of him by his principal."   The foregoing is a correct statement of the law, and we understand the instruction to be within this principle.   The jury are instructed that if the authority extended to the getting of the immediate possession of the store-room,

and the principal and agent then understood that a bonus would have to be paid for that immediate possession, then the agent had authority to contract to pay such bonus.

We think there was no error in this instruction. There was no error in overruling the motion for a new trial. We find no available error in this record.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.