**In re the MARRIAGE OF Craig ARVIN, Appellant–Respondent,**

**and**

**Kim Arvin, Appellee–Petitioner.**

No. 34A02–9708–CV–559.

Court of Appeals of Indiana.

Dec. 29, 1997.

Transfer Denied March 18, 1998.

Donald E.C. Leicht, Noel & Noel, Kokomo, for Appellant–Respondent.

David W. Stone, IV, Stone Law Office & Legal Research, Anderson, James D. Andrews, Kokomo, for Appellee–Petitioner.

## OPINION

ROBERTSON, Judge.

Craig Arvin [Father] appeals the trial court's judgment which permitted Kim Arvin [Mother] to repudiate immediately the portion of the child custody provision of the *Settlement Agreement/Decree of Dissolution* that provided that the parties intended to remain in the Kokomo area to maintain the stability of the children. We reverse and remand with instructions that the portion of the *Agreement/Decree* pertaining to the disposition of child custody be held voidable by Father and the issue submitted for trial.

## FACTS

The dispositive facts are not disputed. Father and Mother married in 1988 and separated in 1996. Two children were born of the marriage, one in 1988 and the other in 1990. Mother was represented by counsel in negotiating the terms of the contract ultimately executed by the parties' styled *Settlement Agreement Upon Dissolution of Marriage* which Mother's attorney drafted. Father was not represented by counsel. On September 16, 1996, the trial court entered the *Decree of Dissolution* which merged and incorporated the parties' *Settlement Agreement.*

The *Agreement/Decree* provided for the settlement of all "issues attendant upon the dissolution of the marriage" and was agreed upon "in consideration of the mutual covenants contained herein." The *Agreement/Decree* provided that the parties' would have joint legal custody with primary physical custody in Mother. The provision which sparked this appeal reads as follows:

The parties agree that this Property Settlement Agreement is made with the understanding that each party intends to remain in the Kokomo area to maintain the stability of the children.

The agreement also provided:

No modification or waiver of any of the terms of this Agreement shall be valid unless in writing and executed by both parties hereto. No waiver of any breach or default hereunder shall be deemed a waiver of any subsequent breach or default.

Immediately after the Decree was entered, Mother discharged her attorney, retained new counsel, and filed a Motion to Correct Error. In her motion, Mother requested relief from the *Agreement/Decree* asserting that it was entered into "without proper advice and without proper disclosure." Mother requested that the trial court set aside the property distribution portion of the *Agreement/Decree* based on her assertion that she was not awarded enough property under the circumstances. Mother also requested that the provisions related to child support be set aside because they did not comport with the guidelines. Additionally, Mother asserted:

A provision was placed in the property settlement agreement which stated that [Mother's] staying in Kokomo, Indiana, provided for the stability of the children, even though [Father] was knowledgeable that [Mother] might have to move to better her economic situation. There was no discussion prior to the execution of the property settlement agreement as to why stability of the children would be enhanced by staying in Kokomo, Indiana. [Mother] was advised by [her former attorney] that she could move if it was within 100 miles without the approval of the Court. Such a provision is obviously not the intent of the parties and unconscionable because it re-

strains [Mother] from moving to enhance her economic situation.

In Mother's memorandum submitted in support of her motion, she argued:

[Mother] expected to acquire other employment which might require her to move. A provision was placed in the property settlement agreement providing that the stability of the children would be enhanced by their remaining in Kokomo. Mother was not aware of this provision until [the] day of signing of the agreement but did not understand what significance said provision meant.

On November 3, 1996, forty-six (46) days after the Decree was entered, Mother moved the children and herself to Center Point, Indiana, 109 miles away from Kokomo, to be with her boyfriend and to obtain more suitable employment. Mother then filed her notice of intention to leave the jurisdiction. Mother married her boyfriend on January 1, 1997. Father moved that Mother be ordered to show cause why she should not be held in contempt for moving the children out of the Kokomo area in violation of the *Agreement/Decree*.

Ultimately, all issues were tried to the bench. On May 27, 1997, the trial court entered its order denying Mother's motion to correct error with respect to the property distribution and child support issues. However, the trial court found:

[A]lthough [Mother] has removed herself and the children from the Kokomo area to Clay County, Indiana, (approx. 109 miles), the court declines to hold her in contempt. The court finds that said move was reasonable and further that she has provided to [Father] extensive visitation with the children since said move.

This appeal ensued. Additional facts are supplied as necessary.

## DECISION

■ Mother argues that the covenant which provided that the parties intended that the children remain in the Kokomo area is legally unenforceable as constituting merely a vague recital of the parties' intentions and understandings. Moreover, Mother argues that the prohibition against the modification

of this provision is unenforceable because it violates public policy, citing cases from other jurisdictions found in C. Marvel, Annotation, *Court's Power to Modify Custody Order as Affected by Agreement which was Incorporated in Divorce Decree*, 73 A.L.R.2d 1444. *See also*, Clark, *The Law of Domestic Relations in the United States (2d ed)* § 19.13 (Provisions related to child custody and support may always be modified regardless of the language of the separation agreement merged into the divorce decree due to the court's overriding interest in the protection and welfare of children). Mother correctly points out that it is well-settled in Indiana that provisions related to child support are unenforceable as against public policy and, thus, are always subject to modification. *See Voigt v. Voigt*, 670 N.E.2d 1271, 1274 (Ind. 1996); *Straub v. B.M.T. by Todd*, 645 N.E.2d 597, 599–600 (Ind.1994) (Welfare of children is of utmost importance as expressed by all three branches of government).

We agree with Mother that the particular nonmodifiable provision related to child custody contained in the present *Agreement/Decree* is, in all likelihood, unenforceable. We hold, however, that the enforceability or the ability to modify the provision is of no consequence under the present circumstances where it is manifest from Mother's pleadings and memorandum submitted in support of her motion to correct error (as well as her actions) that she never had any intention of honoring the covenant, but instead immediately repudiated it. Regardless of whether the covenant had been legally binding, it constituted sufficient consideration to support the parties' agreement regarding child custody such that Mother could not immediately repudiate the covenant without restoring Father's rights to the status quo.

It is axiomatic that even an unenforceable promise may constitute sufficient consideration to support a contract. Arthur L. Corbin, *Corbin on Contracts*, § 146 (The law of contract is not limited to agreements that create reciprocal legal duties. What the law generally requires is a sufficient consideration; this may be fully performed in the very act of acceptance, so that the acceptor is never bound by legal duty to do or to forbear to do anything); 6 I.L.E. *Contracts* § 33; *Matter of Estate of Palamara*, 513 N.E.2d 1223, 1229 (Ind.Ct.App.1987) (Marriage constitutes consideration which is valued and respected by the law even though it is axiomatic that an agreement to marry may not be specifically enforced); *Lafollett v. Kyle*, 51 Ind. 446 (1875) (An unenforceable parole agreement to convey land to a minor child in exchange for that child's promise to remain with parent and provide services until the child married was supported by sufficient consideration). In the present case, the parties' covenant that they intended the children to remain in the Kokomo area to maintain their stability constitutes sufficient consideration to support the agreement regarding child custody disposition which favored Mother.

In Indiana, a party may not accept benefits under an agreement or instrument and at the same time repudiate its obligations. *Palamara*, 513 N.E.2d 1223, 1228. A party to an agreement is bound by the position which she first adopts unless she annuls that election by restoring the benefits received under the agreement, that is, by returning the parties to the status quo. *Id.* There is a partial failure of consideration where part of the promised performance is not delivered, and if the undelivered consideration is allocable to an independent covenant of the contract, it may be avoided on a pro tanto basis. *Alber v. Standard Heating & Air Conditioning, Inc.*, 476 N.E.2d 507, 510 (Ind.Ct.App.1985); *Fifth Avenue Bank of New York v. Hammond Realty Co.*, 130 F.2d 993, 995 (7th Cir.1942), (Provision in property settlement agreement between Husband and Wife in which each party agreed not to molest or annoy the other was an independent covenant such that Wife's failure of consideration with respect to this covenant did not serve to render the entire contract avoidable by Husband), *cert. denied*, 318 U.S. 765, 63 S.Ct. 666, 87 L.Ed. 1136.

In the present case, Mother's immediate repudiation of her covenant that the parties intended that the children remain in the Kokomo area constitutes a failure of consideration with respect to the independent covenant of the *Agreement/Decree* regarding child custody. Mother made no attempt to return Father to the status quo by relin-

quishing the benefit which accrued to her under this independent covenant, namely, that she be awarded primary physical custody of the children. Accordingly, we reverse and remand with instructions that the child custody disposition in the *Agreement/Decree* be held voidable at Father's election and the initial custody determination of the children be submitted for trial under I.C. 31–17–2–8 [formerly I.C. 31–1–11.5–21(a) ]. *See Lamb v. Wenning,* 600 N.E.2d 96, 98 (Ind.1992) (In an initial custody determination, there is no presumption favoring either parent; the trial court makes its decision based on which parent would better rear the children). Obviously, any change in custody would require a modification of the trial court's child support order as well.

Judgment reversed.

NAJAM, J., concurs.

SULLIVAN, J., dissents.