May Term,
1859.

SHAW
v.
BREESE.

Friday,
June 3.

---

SHAW v. BREESE.

If a *feme covert*, owning real estate, die intestate without issue, and without a surviving parent or parents, but leaving her husband surviving her, the entire estate descends to the husband.

APPEAL from the *Delaware* Circuit Court.

PERKINS, J.— Complaint for partition. Partition adjudged.

The facts are, that *Moses Breese*, on the 18th of *May*, 1842, conveyed by a deed with usual covenants, in consideration of love and affection, to his daughter, *Caroline Breese*, the tract of land of which partition was asked. In 1855, said *Caroline* intermarried with *George Shaw*. In 1857, she died intestate, leaving no children nor father nor mother.

Her brothers and sisters living, and the descendants of those deceased, now claim the whole, or some part, of said tract of land, under the statute of the state regulating descents.   The husband, also, claims it under the same statute.

The statute provides (§ 26, 1 R. S. p. 251) that, "If a husband or wife die intestate, leaving no child and no father or mother, the whole of his or her property, real and personal, shall go to the survivor."

It appears, from the statement of facts above, that this case exactly fills the conditions of the section of the statute quoted, under which the whole property goes to the surviving wife or husband.

But it is contended that this section is to be modified by construction; that it was intended by the legislature that it should be taken in connection with other sections of the statute of descents.   We do not deny the rule of construction, but see nothing in the statute that will change the effect of § 26 upon the application of the rule.

The statute of descents varies to meet cases.   Upon one set of facts, the property descends in one mode, upon another set, in another.   These different cases are met and provided for by different sections.

From § 1 to § 6 inclusive, the provisions may be regarded as enacted upon the hypothesis that there is no surviving wife or husband.

Section 7 may have been enacted upon the hypothesis that though there were no children, yet there might be a father or mother to whom the property might descend; and, as against them, in the state of facts assumed in the section, the property should revert to the donor.

In the cases met by the 26th section, there is neither children nor father nor mother, but there is a surviving husband or wife.   In all such cases, the whole property, after payment of debts, goes to the survivor.   If there was a doubt as to the construction we have put upon the sections, we should be compelled to throw that doubt in favor of the surviving husband or wife; as § 15 of the statute enacts that—

"Every rule of descent or distribution prescribed by this act shall be subject to the provisions made in behalf of the surviving husband or wife of the decedent."

*Per Curiam.*—The judgment is reversed with costs. Let the petition be dismissed.

*W. March*, for the appellant.

*C. M. Anthony*, for the appellee.