KYLE and Others *v.* KYLE.

Section 26, 1 R. S. 1852, p. 251, must be construed as if it read as follows: "If a husband or wife die, intestate, leaving no *children or their descendants,* and no father or mother, the whole of his or her property, real and personal, shall go to the survivor."

APPEAL from the *Dearborn* Common Pleas.

WORDEN, J.—This was an action by the appellants against the appellee, to obtain partition of certain real estate of which *Thomas Kyle*, deceased, died seized.

Demurrer to the complaint sustained, and judgment for the defendant.

The complaint alleges that the plaintiffs are the grand children of the deceased; that he left no father or mother, nor children, they all having died intestate before his death; that the defendant, *Mary*, is the widow of the deceased, she having been his second wife, by whom he had no children. The demurrer seems to have been sustained upon the ground that the plaintiffs were not entitled to any part of the inheritance, but that the defendant was entitled to the whole thereof.

The 26th section of the act concerning descents, provides, "that if a husband or wife die, intestate, leaving no child, and no father or mother, the whole of his property, real and personal, shall go to the survivor." 1 R. S. 1852, p. 251. If this section were to be construed by itself, and literally, so that the word "child" should not include a grandchild or grandchildren, the plaintiffs would not inherit, but the whole estate go to the defendant. But such construction is plainly inconsistent with the intention of the Legislature as gathered from the context. The first section of the act provides, that upon the decease of a person intestate, his property shall descend to his children, those that are posthumous as well as those born in his life-time. The second section provides, that "if any children of such intestate, shall have died intestate, leaving a child or children, such child or children shall inherit the share that would have descended to the father or mother, and grandchildren, and more remote descendants, and all other relatives of the intestate, whether lineal or collateral, shall inherit by the same rule: *Provided*, That if the

intestate shall have left at his death grandchildren only alive, they shall inherit equally."

By the third section it is provided, "that if any intestate shall die without lawful issue, or their descendants alive, one-half of the estate shall go to the father and mother of the intestate, as joint tenants, or if either be dead, to the survivor; and the other half to the brothers and sisters, and to the descendants of such as are dead, as tenants in common."

Thus it will be seen, that ample provision is made for inheritance by grandchildren, and, we think, having in view these provisions, that the word "child," as used in the 26th section, should be construed as equivalent to "children or their descendants." · It will be observed, that by section three, the father and mother inherit only upon default of "lawful issue, or their descendants alive," and then only one-half of the estate. If, by the 26th section, the Legislature intended to cast the descent upon the surviving husband or wife, in default of children, although there might be descendants of children, why limit it to cases where there is no father or mother? They clearly contemplated that the father and mother would inherit before the surviving husband or wife, and yet the father or mother can not inherit before children *or their descendants.*

Suppose, in this case, the deceased had left a father or mother, that fact would have prevented the widow from inheriting. The conditions of the statute would not have been filled. And yet the father or mother could not have inherited, because there were lineal descendants of the intestate who would take the inheritance. The construction that would exclude the plaintiffs, makes the right of the widow to inherit depend upon the existence or non-existence of persons who could not themselves inherit. We are of opinion that the plaintiffs are not excluded. The widow is undoubtedly entitled to a share of the land under other provisions of the

statute, but she can not legally claim the whole of it. The demurrer was improperly sustained, hence the judgment must be reversed.

*Per Curiam.*—The judgment is reversed, with costs, and the cause remanded.

*W. S. Holman* and *John D. Haynes*, for the appellants.

*D. J. Major*, for the appellee.