### HOFFMAN ET AL. *v.* BACON.

DESCENT.— *Widow.*—A. died in 1872, intestate, seized of lands in this State, leaving surviving him a widow, but no child or father or mother, but leaving brothers and sisters and descendants of brothers and sisters.
*Held,* that the widow was entitled to the whole of said lands.

From the Allen Circuit Court.

*R. S. Taylor* and *Morris & Withers,* for appellants.
*Frazer & Encell* and *Coombs, Miller & Bell,* for appellee.

WORDEN, J.—The facts involved in this case are the following: In April, 1872, Enoch Bacon died, intestate, seized of certain lands situate in said county of Allen. He left surviving him a widow, the appellee, Dorcas Bacon, but no children and no father or mother. He left, however, brothers and sisters and the descendants of brothers and sisters.

The action involves the question whether the widow of the deceased is entitled to the whole or to a part only of the land. The court below held that she was entitled to the whole, and rendered judgment accordingly.

The act of May 14th, 1852, provides, that " if a husband or wife die, intestate, leaving no child, and no father or mother, the whole of his or her property, real and personal, shall go to the survivor." 1 G. & H. 296, sec. 26.

This section was amended by an act approved March, 4th, 1853, so as to read as follows :

" If a husband or wife die intestate, leaving no child, and no father or mother, nor brothers and sisters, nor their descendants, the whole of his or her property, real or personal, shall go to the survivor." Acts 1853, p. 56, sec. 4.

This amendatory statute did not set out the section as it stood before the amendment, and was regarded as void for that reason, under the decision of this court in the case of *Langdon* v. *Applegate*, 5 Ind. 327, until that decision was overruled by the case of *The Greencastle Southern Turnpike Co.* v. *The State*, 28 Ind. 382. Then the legislature passed an act repealing all laws theretofore passed not in conformity with the ruling in the case of *Langdon* v. *Applegate, supra.* Acts 1867, p. 204. The repealing act of 1867 repealed the amendment of 1853, and the repeal of the amendment revived the former law of 1852, above set out. This point was recently decided by this court in the case of *Longlois* v. *Longlois*, 48 Ind. 60, where the previous rulings on the subject were considered and followed.

We have been furnished with able briefs by counsel for the appellants, but as the question was fully considered in the case last cited, we do not feel called upon to re-examine it.

It follows that the act of 1852 was in force when the intestate died, and that, under the facts, the widow is entitled to the whole of the land.

The judgment below is affirmed, with costs.