## SCOTT ET AL. *v.* SILVERS.

DESCENTS.— *Widow's Descendants.—Complaint.—Action to Quiet Title.—Enjoining Guardian's Sale of Land.*—A complaint alleged that a certain person had died intestate, seized in fee-simple of certain real estate, leaving a widow, but no child or parent, surviving him ; that subsequently the widow died, leaving the plaintiffs, her brothers and sisters and the children of such as had died, but no child or parent, surviving her ; and that the defendant, as guardian of a ward not alleged to have been related to the intestate husband, was about to sell such real estate pursuant to an order of court. Prayer, that such sale be enjoined, and that the plaintiffs' title be quieted. *Held*, on demurrer, that the complaint is sufficient.

SAME —*Death of Widow who was a Second Wife.—Grandchild by Previous Marriage.*—A husband died intestate, leaving no parent, but leaving a widow, who was his second wife and who had borne him a child which did not survive him, and also a grandchild which was the child of a deceased child by his previous marriage, surviving him. Subsequently the widow died without having remarried, leaving brothers and sisters, but no parent or child surviving her.
*Held*, that, upon the death of the widow, all the real estate of which the husband had died seized, descended to the grandchild.

SAME.—*Section 2 and Proviso of Section 24 Construed.*—The words " children alive," in the proviso of section 24 of the statute of descents, 1 R. S. 1876, p. 412, must, to give effect to section 2 of that act, be construed to mean " hildren *or their descendants* alive."

From the Huntington Circuit Court.

*W. H. Trammel* and *J. R. Coffroth,* for appellants.

*H. C. Fox, H. B. Sayler* and *J. B. Kenner,* for appellee.

BIDDLE, J.—The first paragraph of the complaint in this case states the following facts :

That Joseph E. Silvers died, intestate, on the 6th day of February, 1872, leaving no child and no father or mother surviving him, but leaving his wife, Abigail A. Silvers, his widow, who, on the 9th day of February, 1872, also died, intestate, leaving no child, father or mother or husband surviving her, but leaving Abner S. Scott, Daniel Scott and Samuel S. Scott, her brothers, and Sarah S. Simmons, her sister, and John W. Scott, her nephew, the son of her brother, Amos Scott, deceased, surviving her ; that said

Joseph E. Silvers, at the time of his death, was seized in fee-simple of certain lands, which are described ; that said real estate descended to Abigail A. Silvers on the death of her husband, Joseph E. Silvers ; that, on the 7th day of June, 1872, the said William B. Silvers, as the guardian of Horatio D. Silvers, a minor child of John Silvers, filed his petition in the court of common pleas to sell the above described real estate : and, on the 14th day of October, 1872, obtained an order of said court to sell the same, in pursuance of which order he sold said real estate to David Rudig, one of the defendants. Prayer for injunction, to quiet title, and for general relief.

The second paragraph of the complaint differs from the first only in alleging that Abigail A. Silvers was a second wife, by whom Joseph E. Silvers had a child, but none that survived him ; and that he left surviving him Horatio D. Silvers, the child of a child by a former marriage.

Separate demurrers were filed to each of these paragraphs, alleging as ground the insufficiency of the facts therein stated, and overruled by the court. Exceptions were reserved, and the case appealed.

The rulings upon these demurrers present the only questions in the case.

The facts alleged in the first paragraph of the complaint show the death of a husband, intestate, leaving no child, and no father or mother, but leaving a widow, surviving him.

We think, under these facts, according to sec. 26, 1 R. S. 1876, p. 413, the whole of his property went to his surviving widow. *Shaw* v. *Breese,* 12 Ind. 392 ; *Rusing* v. *Rusing,* 25 Ind. 63 ; *Leard* v. *Leard,* 30 Ind. 171 ; *Sullivan* v. *McGowen,* 33 Ind. 139; *Lindsay* v. *Lindsay,* 47 Ind. 283 ; *Hoffman* v. *Bacon,* 50 Ind. 379.

Counsel urge it upon us, under the first paragraph of the complaint, that the word " child," as used in sec. 26, 1 R.

S. 1876, p. 413, should be held to mean " grandchild," as well as " child ; " but we can not perceive any such question presented by the first paragraph. It does not contain any averment that Joseph E. Silvers left a grandchild surviving him. It is not averred in the first paragraph that Horatio D. Silvers is the grandchild of Joseph E. Silvers, or that he was any relation to him whatever; nor is it shown that Abigail A. Silvers was a second wife.

The facts alleged in the second paragraph of the complaint show the death of a husband, intestate, leaving no father or mother, but leaving a grandchild, and a widow, who was a second wife, by whom he had one child, but which was not living at the time of his death, and the subsequent death of the widow.

We are of opinion, that, upon this state of facts, the grandchild, standing in the place of a child of the deceased, Joseph E. Silvers, will, under section 2 and the proviso in section 24, construed together, inherit the entire property. Any other construction of the statute would ignore section 2 entirely. The words " children alive," as used in the proviso of section 24, must be held to mean " children or their descendants alive." This is in accordance with *Kyle* v. *Kyle*, 18 Ind. 108, and not in conflict with *Ogle* v. *Stoops*, 11 Ind. 380, nor the cases which follow it, wherein the facts of the cases are considered.

It was evidently the intention of the Legislature, that, when a new line of descent was commenced by the marriage of a second or subsequent wife, and ended with the wife for want of issue, it should be cast back into the original line from which it was diverted by such marriage.

The second paragraph of the complaint shows no cause of action in favor of the appellants ; the court, therefore, committed no error in sustaining the demurrer to it for want of alleged facts ; but, as the court sustained a demur-

rer to the first paragraph of the complaint, which is sufficient on its face, the judgment must be reversed, with costs, and the cause remanded for further proceedings.