Rushton *et al. v.* Harvey *et al.*

No. 17,747.

RUSHTON ET AL. *v.* HARVEY ET AL.

DESCENT.—*Childless Second Wife.*—*Husband's Children by Former Marriage.*—*Real Estate.*—Land set off to a childless widow, whose husband left children by a former marriage surviving him, upon her refusal to accept the provisions of his will, in accordance with section 2483, R. S. 1881, giving a widow one-third of her husband's real estate, whether he dies testate or intestate, of which she can only be divested by accepting the provisions of his will, descends, upon her death, to such children freed from any provisions of the will, under section 2487, providing that if a man marry a second wife and has no children by her, but has children alive by a previous wife, the land descending to his wife shall, at her death, descend to his children.

From the Morgan Circuit Court.

*J. M. Bishop* and *W. R. Harrison,* for appellants.

*J. H. Blair* and *C. G. Renner,* for appellees.

McCABE, J.—The appellants brought this suit against the appellees to quiet their title in certain land situated in Morgan county, described in the complaint. The issues formed were tried by the court without a jury, resulting in a special finding of facts on which the court stated conclusions of law favorable to the appellees, Otto Rushton and William F. Harvey, upon which they had judgment. The conclusions of law are assigned for error.

The material facts found are that Joshua Rushton, on July 11, 1877, was the owner of 120 acres of land in said county particularly described; that on that day said Rushton duly executed his last will and testament, by which he devised to his wife, Sally Rushton, $400.00 and one-third of all the rents and

profits of his real estate during her natural lifetime; and he devised to his grandson, Otto Rushton, $200.00, and if he shall die while a minor, then said sum to go to any legal heirs; and he further devised all the residue of his estate, both real and personal, to the children of his son Caleb C. Rushton, after his debts and funeral expenses are paid; he directed his personal property to be sold at public sale, the proceeds to pay the above bequests and debts and expenses of administration; said will was probated November 26, 1877; said Joshua Rushton at his death, which occurred prior to November 26, 1877, left surviving him Sally Rushton, his widow, and his son and only living child and defendant, Caleb C. Rushton, and his grandson and only child of a deceased son of said Joshua Rushton, Otto Rushton, defendant herein; that at the time of the execution of said will, and at the time the same was proven and recorded, as above found, said Caleb C. Rushton had three children, Charles B., Grovner, and Otis Rushton, who are the plaintiffs in this action, and are the persons and children meant and intended in this provision in said will, to-wit: "I further will and devise all the residue of my estate, both real and personal, to the children of my son, Caleb C. Rushton, after my debts and funeral expenses are paid;" that the executor named in the will, after qualifying, in settling the estate, sold one of the 40-acre tracts of land devised and one-half of another, and after final settlement of the estate, was discharged on the — day of ————, 1880; that on April 10, 1878, said Sallie Rushton, as widow of said Joshua, elected not to take under or accept the provision made for her in said will, but to avail herself of the provision made for her by the statutes of the State, and for that purpose demanded $500.00 in money, which the executor paid to her, and she filed

Rushton *et al. v.* Harvey *et al.*

her petition in partition against the legatees and
heirs of said Joshua, deceased; that such proceedings
were had thereon in the Morgan Circuit Court, where
the same was filed, that judgment was rendered, that
one-third in value of said land was assigned and set
off to her by commissioners, under the order of said
court, which is described by metes and bounds,
amounting to 19 42-100 acres, which was duly con-
firmed by said court on June —, 1878; that said
Sallie was the second wife of said testator, and had
no child by virtue of said marriage with said Joshua;
that defendant Caleb C. Rushton, was a son and child
of a former wife of said testator, Joshua, and survived
him, and said Otto Rushton was and is the son of
Jesse Rushton, deceased, who was a son and child of
said Joshua by his said former marriage, and survived
said Joshua; that said defendant, William F. Harvey,
recovered a judgment against said defendant, Caleb
C. Rushton, in the Marion Circuit Court, in this State,
on April 6, 1893, for $382.77 and costs, and filed a
transcript thereof in the office of the clerk of Morgan
Circuit Court on April 12, 1893, and the same was duly
entered of record and docketed; that on August 10,
1894, execution was issued on said judgment against
Caleb C. Rushton to the sheriff of said Morgan county,
who levied the same on said land so set off to said
Sallie, and on September 15, 1894, he duly sold the
same on said execution to said Harvey for $415.67 and
issued to him in due form a certificate of such sale;
that after said land had been so set off to said Sallie,
namely, on September 5, 1884, she sold and conveyed
by quit claim deed her interest therein to said Caleb
C. Rushton; that on March 10, 1894, said widow,
Sallie, died intestate, plaintiffs and defendants sur-
viving her.   The conclusions of law stated are sub-
stantially as follows:  1.   That the land set off to

said widow descended to her in fee simple from her said husband and as the surviving widow of Joshua Rushton, deceased. 2. That at the death of Sallie Rushton said land so set off to her descended to and vested equally in said Caleb C. Rushton, the only surviving child of Joshua Rushton, deceased, and in Otto Rushton, the only surviving child of a deceased son of Joshua Rushton, deceased, each taking one-half thereof in fee simple. 3. That the interest and share of said Caleb C. Rushton in said land so set off to said widow passed to and vested in him subject to the lien of the judgment held by said Harvey against said Caleb, and that said judgment is a valid and subsisting lien against the interest of said Caleb in said land. 4. That said defendant, William F. Harvey, takes nothing by virtue of the sheriff's sale, set out in the above special finding.

It is contended by the appellant that the land set off to the widow, though she be a childless second wife, did not descend from her to the children of her deceased husband by a former marriage, as provided by the statute, but passed by virtue of the will to the legatees named in the residuary clause of the will. · The appellees contend that it descended under the statute from the widow to the children of her husband, by the former marriage, surviving him and the descendants of such as were dead.

Under section 2640, R. S. 1894 (R. S. 1881, section 2483), a widow inherits one-third of the real estate of her deceased husband in the absence of creditors, whether he dies testate or intestate, and she can only be divested of her interest by accepting the provisions of a will, or, as the statute now is, by her failure to make her election whether she will take under the law within one year after the probate of the will. *Collins v. Collins,* 126 Ind. 559; R. S. 1894, section 2666 (R. S.

1881, section 2505). The testator having died prior to November 26, 1877, section 2487, R. S. 1881, was in force, controlled and governed the status of the title to that land. That section provided "That if a man marry a second or other subsequent wife, and has by her no children, but has children alive by a previous wife, the land, which at his death descends to such wife, shall at her death descend to his children."

The words "children alive" in the above proviso have been construed by this court to mean children or their descendants alive. *Scott* v. *Silvers*, 64 Ind. 76. The above quoted section was amended in 1889, Acts of 1889, p. 430, R. S. 1894, section 2644, so as to vest in such second or other subsequent childless wife a life estate only, instead of a fee simple interest. But that amendment having been made long after the death of Joshua Rushton, the descent was cast and the title vested by virtue of the section before its amendment. The amendment was not intended to have a retrospective effect. The two sections of the statute above referred to having vested the title in fee simple in Sallie Rushton, she having elected to take under the law, relieved it from any control or influence from the will of her husband. When she elected to take under the law the descent was cast and the title vested irrevocably in her in fee simple, and there is only one way by which that title could be divested, and that is by her death. By her death the title did not pass back under the control of the will, but the proviso quoted made the title descend to the children of her deceased husband by a former marriage and to the children of such of them as are dead. *Scott* v. *Silvers, supra.* That is what the trial court correctly stated the law to be. But how the court came to the fourth conclusion of law we are wholly unable to conjecture. It was to the effect that Harvey's sheriff

sale of Caleb C. Rushton's interest was invalid, yet there is no fact stated in the finding or reason suggested in argument that has the slightest tendency to invalidate the sheriff's sale. The finding shows that Sallie Rushton died March 10, 1894, and that the sheriff's sale took place September 15, 1894, on an execution that issued on August 10, 1894.

The execution being issued and the sale being made after the death of Sallie Rushton the title to the undivided one-half of the land so set off to her had descended to Caleb C. Rushton, the judgment and execution defendant before the issue of the execution, there is no apparent reason why the sheriff's sale was not good.

But that conclusion was favorable to the appellants and they are not complaining, as they could not complain of it. And the appellees have not complained of it by a cross-assignment of error.

The circuit court did not err in its conclusions of law against the appellants.

The judgment is, therefore, affirmed.

Jordan, J., took no part in the decision of this case.

