## ROZELL ET AL. v. CRANFILL.

[No. 6,426. Filed October 14, 1908. Rehearing denied January 6, 1909. Transfer denied February 16, 1909.]

1. DESCENT AND DISTRIBUTION.—*Widow with Children.*—*Real Property.*—*Subsequent Marriage of Widow.*—*Partition.*—*Judgment.*— Where a husband died, leaving a widow and children, and the widow remarried and filed a suit for partition alleging that she was the owner of one-third of such real estate in fee simple, a decree in her favor that she was the owner of such part in fee simple and setting off such interest to her, does not estop such children, after her death during such subsequent marriage, from claiming title to such real estate under §3015 Burns 1908, §2484 R. S. 1881, casting the descent upon surviving children as to all lands received by a widow from her husband, where she remarries. p. 300.

2. DESCENT AND DISTRIBUTION.—*Remarrying Widow.*—*Childless Second Wife.*—*Title.*—*Alienation.*—Under §3015 Burns 1908, §2484 R. S. 1881, a remarrying widow, there being living children by the former marriage, takes a fee-simple title, without the privilege of alienation, to one-third of the deceased husband's real estate, but descent, as to such property, is cast upon her children by the marriage in virtue of which she received such real estate; and under §2487 R. S. 1881, a childless second wife, there being children of her husband surviving, took a fee-simple title, without the power of alienation, to one-third of her husband's real estate, the same descending to his children at her death. p. 302.

From Hancock Circuit Court; *Edward W. Felt*, Special Judge.

Suit by Seth Rozell and others against Nathan Cranfill. From a judgment for defendant, plaintiffs appeal. *Reversed.*

· *Jesse Sanford, Charles L. Tindall, Edwin T. Glascock* and *Robert E. Martin,* for appellants.

*William W. Cook* and *Charles H. Cook,* for appellee.

RABB, C. J.—The questions of law involved in this case arise upon the following facts appearing in the special finding of the court below.

On April 8, 1872, Barzilla Rozell died intestate, the owner of four-fifths of 120 acres of land in Hancock county, and left surviving him, as his sole heirs at law, Susan Rozell, his widow, and appellants, his children. Subsequently the widow intermarried with John Childers, and after this she and her second husband brought suit in the Hancock Circuit Court, setting forth said facts, and asserting that Susan, as such widow, was the owner in fee simple of the undivided one-third of said land, and said appellants the undivided two-thirds thereof, and praying that said Susan's interest be set off to her in severalty, and such proceedings were had therein that a decree of partition was duly entered by said court, in which it was ordered that eleven forty-fifths part in value of said 120 acres be set off to said Susan Childers in severalty, in fee simple. Commissioners were duly appointed to make said partition, and said commissioners set off to said Susan, as and for her undivided interest in said premises, the lands described in appellants' complaint. Said commissioners duly reported their action therein to the court, and said partition was duly confirmed by the court. Afterwards said Susan and her husband executed a deed of conveyance for said premises to John Trees, who paid full value for the same. Said Trees subsequently conveyed the same, for a valuable consideration, to the appellee, who claims title to the land by virtue of said deed. The marriage relation between said Susan and John Childers continued until December 18, 1894, when said Susan died, leaving the appellants, her children by Barzilla Rozell, surviving her. Upon this state of facts the appellants claim title

to the premises under and by virtue of §3015 Burns 1908, §2484 R. S. 1881, which is as follows: "If a widow shall marry a second or any subsequent time, holding real estate in virtue of any previous marriage, and there be a child or children or their descendants alive by such marriage, such widow may not, during such second or subsequent marriage, with or without the assent of her husband, alienate such real estate; and if, during such marriage, such widow shall die, such real estate shall go to her children by the marriage in virtue of which such real estate came to her, if any there be: Provided, however, that such widow and her living husband may alienate such real estate, if her children by the marriage in virtue of which such real estate came to her shall all be of the age of twenty-one years and join in such conveyance."

It is the contention of appellee, and was evidently the theory upon which the case was decided by the court below, that the judgment in the partition proceedings conclusively adjudicated the question of title to the lands in question against the appellants, and had the effect to loosen the ties by which the statute had bound the hands of the widow and her second husband, and empowered her to convey the lands she had derived by descent from her first husband. This contention cannot be sustained. The proceedings instituted by the widow against her children was purely and simply an action for the partition of lands they owned in common. No other relief was sought or granted. All the facts upon which the appellants' rights in this case are founded were set forth in the widow's complaint in the partition suit, and they were adjudged by the court to be true.

It is true that in decreeing partition it was adjudged that the widow was the owner in fee simple of the undivided eleven forty-fifths parts of the premises, but this, if it were any adjudication of title, is not antagonistic to the claim asserted by the appellants. Appellants claim the land, not

because their mother did not own the interest that she took from her deceased husband in fee simple, but because during the second marriage relation she was disqualified by law from alienating that fee-simple interest, and when she died, such marriage relation still subsisting, the land descended from her to them.

The judgment of the court below is reversed, with instructions to restate the conclusions of law in conformity with this opinion.

## ON PETITION FOR REHEARING.

RABB, J.—Appellee earnestly insists in his petition for a rehearing that in the decision of this case the court misconceived the nature of the issues in the partition proceedings in which the appellee's grantor's interest in her deceased husband's lands was set off to her in severalty, and the legal effect of the decree therein.

The complaint in that proceeding, filed by the widow, set forth as the source of her title and foundation of her right to partition the fact that Barzilla Rozell died intestate, the owner of the premises, and left his widow and the appellants here, his children, as his sole heirs at law, and that the widow was the owner of one-third of the premises in fee simple, and her children the owners of the two-thirds thereof, and the sole relief asked was that her interest be set off to her in severalty. Other parties were joined, and the facts with reference to the claim of title set forth in the complaint showed that they had an interest in the land described in the complaint, but no relief of any kind was asked against them. They set up a cross-complaint averring substantially the same facts appearing in the complaint, and asked for partition, and that their interest be set off in severalty; but neither the complaint nor the cross-complaint stated facts which entitled any party to the action to a decree quieting title, and no such decree was entered.

And not only does the express terms of the statute declare that "if a husband die testate or intestate, leaving a widow, one-third of his real estate shall descend to her in

2. fee simple" (§3014 Burns 1908, §2483 R. S. 1881), but it has repeatedly been held for many years that under the original section twenty-four of the statute of descents (§2487 R. S. 1881) a childless second or subsequent wife, whose husband's children or their descendants survived, took a fee-simple interest in her husband's real estate, although she was powerless to sell the estate, and the husband's children took the same by descent from her at her death. *Thorp* v. *Hanes* (1886), 107 Ind. 324; *Utterback* v. *Terhune* (1881), 75 Ind. 363; *Hendrix* v. *McBeth* (1882), 87 Ind. 287; *Flenner* v. *Benson* (1883), 89 Ind. 108; *Montgomery* v. *McCumber* (1891), 128 Ind. 374; *Habig* v. *Dodge* (1891), 127 Ind. 31; *Reagan* v. *Sheets* (1892), 130 Ind. 185; *Rushton* v. *Harvey* (1896), 144 Ind. 382; *Helt* v. *Helt* (1899), 152 Ind. 142; *Byrum* v. *Henderson* (1898), 151 Ind. 102; *Johnson* v. *Johnson* (1899), 153 Ind. 60; *Griffis* v. *First Nat. Bank* (1907), 168 Ind. 546; *Garrison* v. *Day* (1905), 36 Ind. App. 543.

The identical question presented by the record in this case was decided adversely to the contention of appellees in the case of *Thorp* v. *Hanes, supra.*

We are referred to an *obiter* expression in the opinion of the court in the case of *McAdams* v. *Bailey* (1907), 169 Ind. 518, 13 L. R. A. (N. S.) 1003, to the effect that the estate of the widow under such circumstances was in the nature of a base or determinable fee. Our laws of descent recognize no such thing as a base fee, and the court did not mean to be understood as holding that a widow did not take an estate in fee simple in the lands of her deceased husband.

Petition for rehearing overruled.