OWEN ET AL. *v.* SHIELDS ET AL.

[No. 12,948. Filed November 1, 1927. Rehearing denied February 17, 1928. Transfer denied July 17, 1928.]

*Gentry, Cloe & Campbell* and *Boruff & Boruff,* for appellants.

*J. Ross Robertson* and *Montgomery & Montgomery,* for appellees.

NICHOLS, J.—Action by appellants against appellees wherein they claim that they are the owners in fee simple,

as tenants in common, of certain real estate, and pray that their title be quieted against appellees.

The complaint alleges that the title to the land therein described was formerly vested in William Owen, who was married twice, appellants being children by his first wife; appellee Levi L. Owen, being his only surviving child by his second wife, Isabelle, who held title to this land by virtue of her marriage to William Owen, as his widow, and died during subsequent coverture leaving Seth W. Shields her second husband and the remaining appellees as her children. It is further averred that appellee Levi L. Owen, has been absent and unheard of for more than seven years and should be declared dead.

Appellants claim title as the only half brothers who are of the blood of William Owen, deceased, from whom they contend said Levi L. Owen derived his title.

Appellees, excepting Levi L. Owen, filed their demurrer to the complaint, which was sustained, and appellants refusing to plead further, but electing to stand on their complaint, on December 21, 1926, judgment was rendered in favor of appellees. Theretofore, on November 6, 1926, appellees, excepting Levi L. Owen, filed their cross-complaint against appellants and said Levi L. Owen to quiet their title to the real estate as described in the complaint upon which, on January 3, 1927, judgment was rendered in favor of appellees except Levi L. Owen and against appellants. Having reached the conclusion in this case as hereinafter appears, while the appeal is from both judgments, we do not consider the errors which appellants attempt to present with reference to the cross-complaint. The only other error assigned is the court's action in sustaining appellees' demurrer to the complaint. As stated in the complaint, appellants claim title as the half brothers of Levi L. Owen who are of the blood of William Owen, deceased,

while appellees other than Levi L. Owen claim title as his half brothers who are of the blood of Isabelle Owen Shields, deceased.

Section 3337 Burns 1926, in force since May 6, 1853, provides, so far as here involved, that,

"If a husband die testate or intestate, leaving a widow, one-third of his real estate shall descend to her in fee-simple, free from all demands of creditors."

Section 3342 Burns 1926, in force since May 31, 1879, provides, so far as here involved, that:

"If a widow shall marry a second or any subsequent time, holding real estate in virtue of any previous marriage, and there be a child or children or their descendants alive by such marriage, such widow may not, during such second or subsequent marriage, with or without the assent of her husband, alienate such real estate; and if, during such marriage, such widow shall die, such real estate shall go to her children by the marriage in virtue of which such real estate came to her, if any there be."

Section 3330 Burns 1926, in force since May 6, 1853, so far as here involved, provides that:

"Kindred of the half-blood shall inherit equally with those of the whole blood; but if the estate shall have come to the intestate by gift, devise or descent from any ancestor, those only who are of the blood of such ancestor shall inherit."

William Owen, having died intestate and seized of the real estate in question, the same, being one-third of his lands, descended to his widow Isabelle Owen in fee simple under the provisions of §3337 Burns 1926. This section is so plain as to the character of the estate that Isabelle Owen would take under it that we do not need to comment upon it or to cite authorities interpreting it. She continued to hold the fee-simple title of said real estate until the time of her death. Her

.subsequent marriage to appellee Seth W. Shields did not in any sense change the character of her estate. Under §3342 Burns 1926, her right to alienate such land was suspended during the time of such second marriage, and, upon her death during such marriage, there was a limitation as to those who might inherit such real estate, the same descending from her to her children of the marriage by virtue of which such real estate came to her. As she was the owner of the real estate in fee simple at the time of her death, it is apparent that the descent of the same to those entitled thereto must be from her and not from William Owen. As was said in *Murphy* v. *Henry* (1871), 35 Ind. 442, on page 450:

"In determining from whom an estate came, the rule is to trace the title back to the person last seized. It is the immediate, and not the remote, ancestor from whom the descent comes. This court, in the case of *Smith* v. *Smith, supra,* in speaking of the descent of lands, that the widow had inherited from her husband, to her child, held that the widow was the ancestor, and that no fair construction of our statute of descents would cast any portion of the estate upon those who were not of her blood. This decision is abundantly supported by authority."

In *Gray* v. *Swerer* (1911), 47 Ind. App. 384, 390, 94 N. E. 725, it was held that the term "ancestor," as used in the statutes of descent, means the person from whom the estate is inherited, and, in determining from whom the estate came, the rule is to trace the title only to the person last seized.

In this case, the person last seized was Isabelle Owen, from whom the land descended by the limitation of the statute to Levi L. Owen the only child of the marriage by virtue of which the real estate came to his mother.

In *Rozell* v. *Cranfill* (1908), 43 Ind. App. 298, 85 N. E. 792, 86 N. E. 864, there was a second marriage of the widow and the death of the widow during such second

marriage. Previous thereto, however, the widow, with her second husband joining, attempted a conveyance of the real estate which she had received from her former husband, but the court sustained the claim of appellants, who were the children of the former marriage, to the real estate under the provisions of §3342 Burns 1926, which claim was that, during the second marriage relation, the mother was disqualified by law from alienating her fee simple interest, and when she died, such marriage relation still subsisting, the real estate *descended from her to them.*

Levi L. Owen, while seized of the land in controversy by descent from his mother, died intestate, leaving as his heirs only kindred of the half blood, appellants, who were his half brothers of the blood of his father, and appellees, who were his half brothers and half sisters of the blood of his mother, and as the land descended to him from his mother, under §3330 Burns 1926, *supra,* appellees, as of the blood of the ancestor from whom Levi L. Owen received the land, became the owners thereof, and appellants have no interest therein.

The court did not err in sustaining the demurrer to appellants' complaint.

Judgment affirmed.

Dausman, J., absent.