STEVENSON and wife *v.* DRULEY.

To aid courts in interpreting wills, the law permits, in every case in which it may be necessary, that parol evidence may be given of the circumstances of the testator, and of his family and affairs, in order that the Court, standing, as it were, in the situation of the testator when making his will, may, with greater certainty, arrive at his intention in giving a construction to the language employed by him to express it.

A testator having a son and grandson, his only presumptive heirs, devised a part of his real estate to the grandson, as follows: I will and bequeath to *A. B.* the following described real estate (describing it)—the said *A.*

*B.* to have possession of the same, except the widow's dower, by his paying said widow one-fourth part for rent until he becomes of age, and no longer. In disseizin by the heir of the son against the heirs of *A. B.* for the land, evidence was admitted tending to show that the property mentioned in and disposed of by the will, was all the testator owned; that he had previously conveyed to his said son, to whom by his will he gave 5 dollars, adding that he had received his part before, a quantity of land worth as much if not more than that given to *A. B. Held,* in the light of this evidence, that the testator intended to give *A. B.* a fee-simple.

In doubtful cases the law of inheritance prevails against the terms of the will.

ERROR to the *Wayne* Circuit Court

PERKINS, J.—Disseizin. Judgment below for the defendant.

*Jacob Kesling,* of *Wayne* county, *Indiana,* made the following will and died:

"Know all men by these presents that I, *Jacob Kesling,* of the county of *Wayne* and state of *Indiana,* being weak in body, but perfect in mind and memory, do make and constitute this my last will and testament, in manner and form following, to-wit:

"1. To pay all my just debts and funeral expenses out of my estate, by my hereafter named executors.

"2. It is my will that my beloved wife, *Mary,* have one-third of all my real estate during her lifetime. I will and bequeath to my wife one stove and my cattle; the balance of my household property, furniture and farming utensils to be sold by my executors and equally divided between my wife and *Jacob W. Fisher,* my grandson, excepting my clock, my horse, or the price of him, which is fifty dollars, and gears, which I will to *Jacob W. Fisher.*

"It is my will that my house and lot in *Richmond* be sold by my executors and the money on hand to be divided as follows: one-half to *Jacob W. Fisher,* the other half equally divided between my wife and my son, *Jesse Kesling's,* children, if he shall have any, when they become of lawful age; and if not, to be equally divided amongst my widow's children.

"I will and bequeath to *Jacob W. Fisher* the following discribed lot of land, to-wit: eighty acres of land lying

and being in the county of *Wayne* and state of *Indiana,* and being a part of the north-west quarter of section thirty-five, town thirteen; the said *Jacob W. Fisher* to have possession of, except the widow's dower, by his paying said widow one-fourth part for rent until he becomes of age, and no longer; all which I leave to the sound judgment and discretion of my hereafter-named executors.

"I also will and bequeath to my son, *Jesse Kesling,* five dollars, he having had his part heretofore.

"I also constitute and appoint my friends, *William Fouts* and *Daniel Clark,* my executors to this my last will and testament, revoking all former wills by me made, this the 19th day of *February,* 1829."

The subject of controversy in this suit is the land described in the clause of said will reading thus: "I will and bequeath to *Jacob W. Fisher* the following described lot of land, to-wit, eighty acres of land lying and being in the county of *Wayne* and state of *Indiana,* and being a part of the north-west quarter of section thirty-five, town thirteen; the said *Jacob W. Fisher* to have possession of, except the widow's dower, by his paying said widow one-fourth part for rent until he becomes of age, and no longer."

*Jacob W. Fisher,* assuming that he had a fee-simple in said land under the will, conveyed the same by deed in fee to *William Druley,* the defendant, and died.

*Weakly Stevenson,* the male plaintiff, married *Ann Maria Kesling,* only child of *Jesse Kesling,* the female plaintiff, and they now bring this suit, asserting that *Jacob W. Fisher* took but a life-estate under the will, and that, hence, upon his death, said *Ann Maria,* the sole heir of the *Kesling* line, became entitled to the same by inheritance.

The only question in the case is upon the construction of the will.

To aid courts in interpreting wills, the law permits, in every case where it may be necessary, that parol evidence may be given of the circumstances of the testator, and

of his family and affairs, in order that the Court, standing, as it were, in the situation of the testator when making his will, may, with more certainty, arrive at his intention, in giving a construction to the language he may have used to express it. Wigram on the admission of Extrinsic Evidence, 51.

Accordingly, in this case, the Court below permitted the defendant to give such evidence, tending to show that the property mentioned in, and disposed of by, the will, was all the property said testator owned; that he had previously conveyed to his son *Jesse*, to whom, by the will, he gives 5 dollars, adding that he has had his part before, a quantity of land equal to, if not exceeding in value, that given to *Jacob W. Fisher*, the only other and equal presumptive heir of said testator, at the time, &c.; and the question is presented in the light of this evidence, does the will clearly give to *Jacob W. Fisher* a fee-simple in the land in controversy? for, in doubtful cases, the heir prevails against the terms of the will.

We think it plain enough that the testator intended to give a fee-simple.

*Per Curiam.*—The judgment is affirmed with costs.

*J. S. Newman* and *J. P. Siddall*, for the plaintiffs.

*J. Perry* and *O. P. Morton*, for the defendant.