SCHNELL *v.* NELL.

*A.'s* wife died testate, and by her will bequeathed to *B.; C.*, and *D.*, each, the sum of $200, but left no property out of which the legacies, or any part of them, could be satisfied. After her decease, *A.* entered into an agreement, in writing, with the legatees, by which he agreed to pay to them the several sums bequeathed to them by his wife, in consideration, 1. of one cent; 2. of the love and affection he bore his deceased wife, and the fact that she had done her part in the acquisition of his property; and 3. that she had expressed her desire by her will, that they should have said sums of money. Suit upon the agreement. Answer: want of consideration.

*Held,* that the doctrine that inadequacy of consideration will not vitiate an agreement, does not apply to a mere exchange of sums of money, the values of which are exactly fixed; but to the exchange of something of indefinite value, for money, or for some other thing of indefinite value.

*Held,* also, that a consideration of one cent will not support a promise to pay six hundred dollars; but such a contract is so unconscionable as to be void, on its face.

*Held,* also, that the wife's will imposed no obligation on *A.* to pay the legacies out of his property; and as his wife had none of her own, out of which they might be paid, his promise to pay them was not legally binding upon him.

*Held,* also, that where a claim is legally groundless, a promise made upon a compromise of it, or of a suit upon it, is not binding.

*Held,* also, that the love *A.* bore his wife, and her services in the acquisition of his property, were not good considerations to support his promise to pay the legacies, *first,* because they were past considerations; and, *second,* because they constituted no consideration for a promise to pay money to a third person.

APPEAL from the *Marion* Common Pleas.

PERKINS, J.—Action by *J. B. Nell* against *Zacharias Schnell*, upon the following instrument:

"This agreement, entered into this 13th day of *February*, 1856, between *Zach. Schnell*, of *Indianapolis*, *Marion* county, State of *Indiana*, as party of the first part, and *J. B. Nell*, of the same place, *Wendelin Lorenz*, of *Stilesville*, *Hendricks* county, State of *Indiana*, and *Donata Lorenz*, of *Frickinger*, *Grand Duchy of Baden*, *Germany*, as parties of the second part, witnesseth: The said *Zacharias Schnell* agrees as follows: whereas his wife, *Theresa Schnell*, now

deceased, has made a last will and testament, in which, among other provisions, it was ordained that every one of the above named second parties, should receive the sum of $200; and whereas the said provisions of the will must remain a nullity, for the reason that no property, real or personal, was in the possession of the said *Theresa Schnell*, deceased, in her own name, at the time of her death, and all property held by *Zacharias* and *Theresa Schnell* jointly, therefore reverts to her husband; and whereas the said *Theresa Schnell* has also been a dutiful and loving wife to the said *Zach. Schnell*, and has materially aided him in the acquisition of all property, real and personal, now possessed by him; for, and in consideration of all this, and the love and respect he bears to his wife; and, furthermore, in consideration of one cent, received by him of the second parties, he, the said *Zach. Schnell*, agrees to pay the above named sums of money to the parties of the second part, to wit: $200 to the said *J. B. Nell*; $200 to the said *Wendelin Lorenz*; and $200 to the said *Donata Lorenz*, in the following installments, viz., $200 in one year from the date of these presents; $200 in two years, and $200 in three years; to be divided between the parties in equal portions of $66⅔ each year, or as they may agree, till each one has received his full sum of $200.

"And the said parties of the second part, for, and in consideration of this, agree to pay the above named sum of money [one cent], and to deliver up to said *Schnell*, and abstain from collecting any real or supposed claims upon him or his estate, arising from the said last will and testament of the said *Theresa Schnell*, deceased.

"In witness whereof, the said parties have, on this 13th day of *February*, 1856, set hereunto their hands and seals.

"ZACHARIAS SCHNELL,   [SEAL.]
"J. B. NELL,           [SEAL.]
"WEN. LORENZ."        [SEAL.]

The complaint contained no averment of a consideration for the instrument, outside of those expressed in it; and did

not aver that the one cent agreed to be paid, had been paid or tendered.

A demurrer to the complaint was overruled.

The defendant answered, that the instrument sued on was given for no consideration whatever.

He further answered, that it was given for no consideration, because his said wife, *Theresa*, at the time she made the will mentioned, and at the time of her death, owned, neither separately, nor jointly with her husband, or any one else (except so far as the law gave her an interest in her husband's property), any property, real or personal, &c.

The will is copied into the record, but need not be into this opinion.

The Court sustained a demurrer to these answers, evidently on the ground that they were regarded as contradicting the instrument sued on, which particularly set out the considerations upon which it was executed. But the instrument is latently ambiguous on this point. See Ind. Dig., p. 110.

The case turned below, and must turn here, upon the question whether the instrument sued on does express a consideration sufficient to give it legal obligation, as against *Zacharias Schnell*. It specifies three distinct considerations for his promise to pay $600:

1. A promise, on the part of the plaintiffs, to pay him one cent.

2. The love and affection he bore his deceased wife, and the fact that she had done her part, as his wife, in the acquisition of property.

3. The fact that she had expressed her desire, in the form of an inoperative will, that the persons named therein should have the sums of money specified.

The consideration of one cent will not support the promise of *Schnell*. It is true, that as a general proposition, inadequacy of consideration will not vitiate an agreement. *Baker* v. *Roberts*, 14 Ind. 552. But this doctrine does not apply to a mere exchange of sums of money, of coin, whose value is exactly fixed, but to the exchange of something of, in itself, indeterminate value, for money, or, perhaps, for some other thing of indeterminate value. In this case, had the

one cent mentioned, been some particular one cent, a family piece, or ancient, remarkable coin, possessing an indeterminate value, extrinsic from its simple money value, a different view might be taken. As it is, the mere promise to pay six hundred dollars for one cent, even had the portion of that cent due from the plaintiff been tendered, is an unconscionable contract, void, at first blush, upon its face, if it be regarded as an earnest one. *Hardesty* v. *Smith*, 3 Ind. 39. The consideration of one cent is, plainly, in this case, merely nominal, and intended to be so. As the will and testament of *Schnell's* wife imposed no legal obligation upon him to discharge her bequests out of his property, and as she had none of her own, his promise to discharge them was not legally binding upon him, on that ground. A moral consideration, only, will not support a promise. Ind. Dig., p. 13. And for the same reason, a valid consideration for his promise can not be found in the fact of a compromise of a disputed claim; for where such claim is legally groundless, a promise upon a compromise of it, or of a suit upon it, is not legally binding. *Spahr* v. *Hollingshead*, 8 Blackf. 415. There was no mistake of law or fact in this case, as the agreement admits the will inoperative and void. The promise was simply one to make a gift. The past services of his wife, and the love and affection he had borne her, are objectionable as legal considerations for *Schnell's* promise, on two grounds: 1. They are past considerations. Ind. Dig., p. 13. 2. The fact that *Schnell* loved his wife, and that she had been industrious, constituted no consideration for his promise to pay *J. B. Nell*, and the *Lorenzes*, a sum of money. Whether, if his wife, in her lifetime, had made a bargain with *Schnell*, that, in consideration of his promising to pay, after her death, to the persons named, a sum of money, she would be industrious, and worthy of his affection, such a promise would have been valid and consistent with public policy, we need not decide. Nor is the fact that *Schnell* now venerates the memory of his deceased wife, a legal consideration for a promise to pay any third person money.

The instrument sued on, interpreted in the light of the

facts alleged in the second paragraph of the answer, will not support an action. The demurrer to the answer should have been overruled. See *Stevenson* v. *Druley*, 4 Ind. 519.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded &c.

*James Morrison* and *C. A. Ray*, for the appellant.

*N. B. Taylor* and *A. Seidensticker*, for the appellee.