**BOARD OF TRUSTEES OF THE PUB-
LIC EMPLOYEES' RETIREMENT
FUND, Appellant,**

v.

**Nat U. HILL and Lester G.
Baker, Appellees.**

No. 684 S 212.

Supreme Court of Indiana.

Jan. 4, 1985.

Rehearing Denied March 19, 1985.

Linley E. Pearson, Atty. Gen., Arthur Thaddeus Perry, Deputy Atty. Gen., Indianapolis, for appellant.

Virgil L. Beeler, Marc W. Sciscoe, Baker & Daniels, Jerry P. Belknap, Barnes & Thornburg, Evan E. Steger, Ice, Miller, Donadio & Ryan, Indianapolis, for appellees.

DeBRULER, Justice.

This was a civil action by the appellees, Judges Hill and Baker, to obtain declaratory relief. The defendant below was the Board of Trustees of the Public Employees' Retirement Fund in its capacity as administrator of the Indiana Judges' Retirement Fund, created by statute. Ind. Code § 33–13–8–1. The action challenged 1982 and 1983 amendments to Ind. Code § 33–13–8–10 which redefined salary in its role as a factor in the calculation of judges' retirement benefits. The action was submitted to the trial court for determination upon the complaint, the answer, a stipulation of fact, and briefs. A judgment for the plaintiffs was rendered in which the court declared that the redefinition was legally ineffective and also unconstitutional under Article I, Section 24 of the Indiana Constitution and Article I, Section 10, Clause 1 of the United States Constitution. The Board then satisfied the predicates for appeal. Exclusive jurisdiction of the appeal is in this, the Indiana Supreme Court, pursuant to Appellate Rule 4(A)(8).

The present justices holding office on this Court are participants in the judges' retirement system and consequently have interests and expectations in the subject matter of this appeal which are identical to those of appellees. The parties are undoubtedly aware of this but do not question our jurisdiction or authority to decide this appeal. Even so, it is appropriate to raise

the matter ourselves. Ind. Code § 33–2.1–8–3.

■ A justice of the Supreme Court of Indiana may not sit in a particular appeal when the justice or a member of the justice's family has an economic interest in its outcome. Ind. Code § 33–2.1–8–2. A justice should disqualify himself in a proceeding whenever his impartiality might reasonably be questioned. Code of Judicial Conduct, Canon 3. However, in the cause at hand, self-recusal by each justice would result in there being no court at all to exercise the judicial power vested in this Court by the constitution. Ind. Code § 33–2.1–2–1. The common law which also binds this Court, and our common law tradition, have long regarded the absence of an appropriate forum in which to resolve a legitimate case to be intolerable, and consequently require judges having an interest in a case to hear the case in spite of the interest they may have if there is no other proper forum in which the case can be heard. *United States v. Will*, (1980) 449 U.S. 200, 101 S.Ct. 471, 66 L.Ed.2d 392. This is the "rule of necessity" and according to it justices presently on this Court are duty bound to hear this appeal because there is no other appropriate forum to do so.

Appellees by their action challenged the Acts 1982, P.L. 191, §§ 3 and 4 and Acts of 1983, P.L. 299, §§ 4 and 5, which amended the retirement benefit provisions of the judges' retirement statute, Ind. Code § 33–13–8–1 *et seq.* Specifically, they amended Ind. Code § 33–13–8–10 and added Ind. Code § 33–13–8–10.1. Their legal effect was to redefine salary as a factor in determining the annual retirement benefit of judges who accepted retirement prior to September 30, 1982, as that salary being paid as of September 30, 1982, for the office which the judge held when leaving the bench. They also redefined salary as such factor for those who retired after September 30, 1982, as that salary being paid to the judge when leaving the bench. The amendments left other factors contained in certain tables unaffected. Prior to the challenged amendments, and since the inception of the judges' retirement system in 1953, salary as such factor was that salary being paid from time to time for the office which the judge held when leaving the bench. Under that definition, the retirement benefits were flexible, and increased for participants and retirees as salaries increased. Under the redefinition of the challenged amendments, retirement benefits did not continue after retirement to track increases in salaries but were capped.

Appellee Hill was judge of the Monroe Circuit Court for twenty-four years, and a participant in the judges' retirement system, leaving the bench on December 31, 1980. Since March, 1982, he has been receiving a retirement annuity. The annuity is presently based upon the salary provided for the Monroe Circuit Court on September 30, 1982, as provided by the challenged amendments. He is currently receiving a monthly benefit which is $213.62 less than the amount he would be receiving under the statute before the challenged amendments.

Appellee Baker is the present judge of the Dearborn and Ohio Circuit Court, and has so served since January 1, 1949. He is a participant in the judges' retirement system and is entitled under the challenged amendments to receive a retirement benefit based upon the salary provided for the judicial office he holds when leaving the bench. Before the challenged amendments he had the right to receive increases in those annuity benefits by reason of increases to the salary for that office made after leaving the bench. The court in agreement with appellees found that a contractual right had arisen in them as a result of their participation in the system to receive retirement benefits based upon the changing salary levels for the offices which they had served, as provided under Ind. Code § 33–13–8–10 prior to the challenged amendments.

The trial court declared that the challenged amendments were unlawful and impaired the contractual rights of partici-

pants in the system in violation of the state and federal constitutions. The trial court determined that participation in the judges' retirement system is based upon holding office, choosing to be in the system, and making contribution to the system.

The Indiana judges' retirement system was initiated in 1953, by Chapter 157, Acts of 1953. Participation is based on choice, and once commenced continues until a judge becomes an annuitant, dies or accepts a refund. Modifications have occurred through the years, but the essential requirements for participation have remained and are: holding judicial office, choosing to be in the system, and making money contributions from salary payments. Section 10 of Chapter 157, Acts of 1953, offered the following benefit to participants:

> "The amount of the annual retirement benefits to which any participant is entitled shall be fifty per centum. Provided, however, That in no event shall the annual retirement annuity exceed the sum of four thousand dollars per year."

By 1977 amendments, Section 10 provided benefits to participants as follows:

> "The amount of the annual retirement benefit to which a participant...is entitled equals the product of (i) the annual salary being paid for the office which the participant held at the time of his separation from service, multiplied by (ii) the percentage prescribed in the following table: ..."

The Board agrees that this 1977 formula provided, as had previous ones, that the annual benefit payable would be based upon the salary being paid from time to time for the particular judicial office that had been held. Salary was thus a flexible factor and as salary increased so also did benefits. The 1977 amendments also established a table for calculation of benefits wherein the rate as a percentage of current salary increased from 24% to 60% as the participant's years of service increased from 8 to 22 years. The legislative judgment was, roughly speaking, that a retired judge deserves an annual pension benefit

amounting to about half of the salary of an active judge. Through this tie-in with current salaries, the retirement benefit would reflect current economic conditions and more nearly satisfy current needs of the retired judges.

The challenged 1982 and 1983 amendments left the table described above intact, but altered salary as a factor in the calculation. For judges like Appellee Hill, salary was frozen at the September 30, 1982 level, and for judges like Appellee Baker it was frozen as of the date he leaves the bench. For both, the tie-in between retirement benefits and current salaries was discarded. The question in this case is whether that tie-in, once extended can lawfully be withdrawn. The trial court held that it could not be.

 The Board first asserts that the relief granted by the trial court was excessive, in that the judgment did not leave the amendments intact and applicable to new judges who may have assumed their judicial offices after the challenged amendments were effective, or to those judges who had less than the minimum number of years service required for earning the annuity when the amendments became effective. The principle relied upon is that a court in constitutional litigation may give a limiting construction to a statute to keep it within constitutional bounds. *Board of Commissioners of Howard County v. Kokomo City Plan Commission*, (1975) 263 Ind. 282, 330 N.E.2d 92. The principle is pertinent and valid, but subject to the limitation that in so doing a court must not establish a new or different public policy. That would constitute an invasion of the legislative prerogative. *State v. Kuebel*, (1961) 241 Ind. 268, 172 N.E.2d 45. There has been a legislative intent manifest throughout legislation providing for pay and benefits for judges, to treat working judges in a uniform manner. To permit these challenged amendments to apply to some judges and not to others would be to create a new public policy of non-uniformity. It would result in two judges, serving identical courts, one assuming the bench

immediately before the amendments and the other assuming the bench immediately after the amendments, being entitled to different retirement benefits. The legislature may upon due consideration find that system consistent with the public interest served by the judges' retirement system. It has not done so at this point, and it would be clearly beyond our power to do so now.

The Board next asserts that participation in the Indiana judges' retirement system is not voluntary and hence the relationship between a judge participating in the system and the State is not contractual. Indiana courts have traditionally viewed retirement benefits afforded public employees as either pensions or annuities. *Jensen v. Pritchard,* (1950) 120 Ind.App. 439, 90 N.E.2d 518. *Ballard v. Board of Trustees of Police Pension Fund of City of Evansville,* (1975) 263 Ind. 79, 324 N.E.2d 813. Those which spring from funds and systems created by statutes, and in which membership and money contribution by the employee are voluntary and not mandatory conditions of employment, are considered annuities. This Court has said that an agreement arises between employer and employee in the voluntary situation. *Id.* Other states have taken the next half-step, and concluded that constitutionally protected contract rights arise in public employees who voluntarily enter a state system and make contributions to it. *Bardens v. Board of Trustees of Judges Retirement System,* (1961) 22 Ill.2d 56, 174 N.E.2d 168; *Sylvestre v. State,* (1973) 298 Minn. 142, 214 N.W.2d 658; *Wagoner v. Gainer,* (W.Va.1981) 279 S.E.2d 636.

The conceptual basis for the contract theory was stated in *Campbell v. Michigan Judges Retirement Board,* (1966) 378 Mich. 169, 180–81, 143 N.W.2d 755, 757, and quoted in *Wagoner v. Gainer, supra:*

"Here the judge voluntarily agrees to enter the system and pay the contributions, he does pay, and the State agrees to pay certain retirement benefits. There is, then, legal consideration, mutu-

ality of agreement and mutuality of obligation. A contract is made."

Provisions in retirement statutes which call for increased annual retirement benefits when salary increases occur are commonly referred to as escalator provisions. Legislative attempts to discard such provisions for those already in the system in favor of new provisions freezing retirement benefits have been uniformly viewed as the unconstitutional impairment of the voluntarily assumed contract obligation of the State. This is the same situation with which we are confronted in this appeal by the Board. In dealing with it, the West Virginia Supreme Court of Appeals is typical of several when it held:

"We . . . conclude that the West Virginia Retirement System for Judges creates contractually vested property rights for retired and active participating plan members, and these rights are enforceable and cannot be impaired or diminished by the State." *Wagoner v. Gainer, supra,* 279 S.E.2d 636, 643.

It is within this background of both Indiana and sister state caselaw, that the appellant Board asserts the Indiana system is not voluntary.

Ind. Code § 33–13–8–4 provides that each judge shall become a participant in the retirement system unless he or she affirmatively elects not to participate within twenty days of becoming a judge. The Board argues that the choice at that point is fettered or forced by reason of the automatic assignment of new judges to the system when they first take office. On the contrary, participation in the system is in every real sense voluntary on the part of Indiana judges irrespective of this automatic feature. Entry of an employee into a retirement plan offered by an employer is truly voluntary for these purposes when the employee can elect not to participate without detrimental consequences to the relationship. There are no such detrimental consequences when a new judge elects not to participate in the retirement system, and hence participation is voluntary. The

contractual right basis for the trial court judgment is not pregnable on this point.

The Board next challenges the applicability of the contractual analysis relied upon by the trial court on the basis that it is contrary to the basic relationship between the State and its judges. The first argument is that a judge is an officer of the State and not an employee, and is indeed the State itself and the State does not contract with itself. We agree that a judge is an officer of the State and that *Pruitt v. Kimbrough*, 536 F.Supp. 764 (N.D. Ind.,1982) which held that Indiana judges are state and not county officials undoubtedly is correct on the point. We likewise agree that a person cannot contract with himself, and that there must be at least two parties to an agreement. However, there is no adequate basis for the proposition that for the purposes of pay, compensation, and retirement benefits, all office holders should be considered a single composite person. That conceptualization was rejected by the framers of our constitution when they distributed the powers of state government in Article 3, and granted the elected legislature the express power to fix by law the compensation of state officers in all three branches of the government.

The Board also argues that if the contract analysis were correct, there would be no need for Article 7, § 19 of the constitution which provides that the compensation of judges shall not be diminished during their continuance in office. No authority is cited on the point. The purpose of this provision is to preserve the independence of the working judiciary in such a clear and unmistakable manner as to entirely rule out conflict and argument on the point. This purpose would not have been served as well by use of a contractual concept. There is nothing in this provision of the constitution which could reasonably lead one to conclude that it was intended to prevent the legislative power from being exercised in such a manner as to create a voluntary contributory retirement system and trust fund and to obligate the State to judges through that system to provide a measure to the payment of retirement annuities.

The last point made by the Board is that there is insufficient consideration provided by participants to support a contract. Under the system, a judge contributes 6% of his salary. Reduced benefits are payable at age 62 and full benefits at age 65. According to the Board's analysis, annuitants recover their entire contribution in something less than four years. The Board also posits that the "return is enormous." As heretofore stated, roughly speaking, the annuity amounts to one-half the salary of the working judge. There is also consideration in the commitment that a judge makes to a career on the bench, which the system fosters.

The appellant Board relies upon *Schnell v. Nell*, (1861) 17 Ind. 29. There the Court held that the consideration of one cent would not support a promise to pay $600. The Court however recognized the general doctrine that inadequacy of consideration would not vitiate an agreement, but concluded that such doctrine did not apply to "a mere exchange of sums of money, of coin, whose value is exactly fixed." 17 Ind. at 31. Here the consideration supplied is not an exact sum of money, but includes extended service for at least eight years, and often commitment to an entire career on the bench. Therefore *Schnell* is inapposite. We believe, and no authority to the contrary is cited, that 6% taken from a wage during a period of work ranging from 8 to 22 years, in return for a retirement annuity commencing at age 62 or 65, satisfies the legal requirement of consideration.

The judgment of the trial court concluding that the 1982 and 1983 amendments were invalid because they took away constitutionally protected contract rights is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.