**In the Matter of the APPOINTMENT OF A SPECIAL JUDGE IN the WABASH CIRCUIT COURT.**

No. 85S00–8610–SJ–895.

Supreme Court of Indiana.

Dec. 3, 1986.

⚖51(4)

DeBRULER, Justice.

This matter is pending before this court on the certification of the Honorable Lynn Ford, Judge of the Wabash Circuit Court, for the appointment of a special judge in Cause No. C–86–113. The certification has been made pursuant to the requirement of T.R. 79(1), the pertinent part of which provides:

Whenever the regular judge or presiding judge of any court ...

(a) is a party to the proceeding ...

\* \* \* \* \* \*

he shall disqualify himself immediately and cause such fact to be certified to the Supreme Court which shall thereupon appoint a special judge.

The certification reveals the following circumstances culminating in self-disqualification by Judge Ford:

1. The Defendants, DONALD E. DYSON and EDNA M. DYSON, husband and wife, filed their Motion For Change Of Venue from Judge on August 15, 1986.

2. On August 15, 1986, this Court set a panel of judges composed of (Judge Morton, Judge Wright and Judge Hunt.)

3. More than seven (7) days have elapsed since said written list of judges was set and the Defendants, DONALD E. DYSON and EDNA M. DYSON, husband and wife, have failed to strike from said list as required by TR 79(10).

4. The undersigned, as presiding Judge of this Court, should resume jurisdiction over this case in accordance with the provisions of TR 79(10).

5. On August 15, 1986, the Defendants, DONALD E. DYSON and EDNA M. DYSON, husband and wife, filed their Complaint To Third Party Defendants naming this Judge as a Third Party Defendant herein.

6. Pursuant to the provisions of TR 79(1)(a), this Judge should disqualify himself immediately from these proceedings, having been made a party herein, and certify such fact to the Indiana Supreme Court for its appointment of a special judge.

The circumstances so revealed show prima facie that the defendants in a civil action are engaged in a pattern of conduct the purpose of which is to totally stultify the judicial power of the Wabash Circuit Court as it may be directed toward them. Such power is vested in the court through the grant in Article 7, Section 1, of the Indiana Constitution. Their goal of insulating themselves from judicial authority is being accomplished through the artifice of filing a claim against the sitting judge, thereby imposing upon the judge the automatic duty of self-disqualification required by said rule. If this can be successfully achieved by the filing of specious claims, it can be repeated when any successor judge assumes jurisdiction in their case. The end result of the success of such a plan is constitutionally intolerable.

Article 1, Section 12, of the Indiana Constitution provides as follows:

All courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase, completely, and without denial; speedily, and without delay.

Under this provision, this court is bound to construe and apply its rules governing the conduct of courts in such a manner as to be consistent with this provision so as to

maintain the courts open for the administration of justice. To permit our rules to be applied in the manner intended prima facie by the parties below, would be to renounce this binding duty.

The end result of the success of a pattern of filing sham proceedings against sitting judges by parties, is that no judicial forum will exist in which the case can be heard. In such instances, the rule of necessity intervenes as well. *Board of Trustees of the Public Employee's Retirement Fund v. Hill* (1985), Ind., 472 N.E.2d 204. Consequently, some duly sitting judge must hear the case below in which the Dysons are parties, irrespective of the attempts to invoke the automatic disqualification requirement of the rule.

Within these unusual circumstances, it would be pointless to appoint a successor judge to assume the jurisdiction of the Wabash Circuit Court in the case pending below. There is a strong likelihood that any such successor judge would meet the same fate as did Judge Ford and he or she would be made the subject of yet another claim before a ruling could be made. We therefore direct that the Honorable Lynn Ford reassume jurisdiction in Cause No. C-86-113 to conduct a summary, yet due process hearing upon the question of whether the claim in C-86-113 or any other claim of which the court has knowledge, presents a reasonable basis for disqualification. If the Court has jurisdiction of any such claim and such claim is specious and a sham and intended solely to evade court jurisdiction, it should strike such claim. If the claim has no reasonable basis, the court should not disqualify. If the claim does have a reasonable basis, the trial court should disqualify itself and certify such action to this court. The determination of the existence of a reasonable basis for disqualification under prima facie circumstances such as these and the subsequent retention of jurisdiction, should that occur, are consistent with the Code of Judicial Conduct, Canon 3.

It is so ordered.

GIVAN, C.J., and PIVARNIK, SHEPARD and DICKSON, JJ., concur.

## DENYING APPOINTMENT OF AN ORDER SPECIAL JUDGE

Comes now the Honorable Lynn Ford, Judge of the Wabash Circuit Court, and pursuant to T.R. 79(1), certifies to this Court his disqualification in the above-captioned matter.

And this Court, being duly advised in the premises now concludes that a special judge need not be appointed to hear this matter and now publishes a supporting opinion.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that no Special Judge be appointed in this cause in the Wabash Circuit Court and said cause is remanded to Judge Ford to reassume jurisdiction.

The Clerk of this Court is ordered to forward a certified copy of this Order to the Honorable Lynn Ford, Wabash Circuit Court, Court House, Wabash, Indiana; and to the Clerk of the Wabash Circuit Court.

IT IS FURTHER ORDERED that the Clerk of the Wabash Circuit Court shall forward notice of this Order to all parties of record in Cause No. C-86-113 in the Wabash Circuit Court.