**TRI LAKES REGIONAL SEWER DISTRICT**

v.

**Ervin GEIGER**

No. 57S00–0506–SJ–270.

Supreme Court of Indiana.

July 7, 2005.

ORDER REMANDING JURISDICTION TO TRIAL COURT

PER CURIAM.

This matter is pending before this court on the certification of the Honorable Steven S. Spindler, Judge of the Noble Superior Court, Division 1, for the appointment of a special judge in Cause No.57D01–0212–CC–213. In the certification, Judge Spindler recites that he has recused himself as the presiding judge over this case because the defendant:

asserted in a pleading filed November 26, 2003: "All the above matters give rise to the real suspicion, that the Plaintiff was, and still is, relying on the violation of the 'Code of Judicial Conduct' Canon 2(A) and (B) by the Judge of this Court, not to rule against the Law Firm of John Whiteleather because of his relationship with said Judge."

The Court feels that such an assertion impugning his honesty and integrity would make questionable any judgment he may enter against the Defendant and that in the interest of justice and the preservation of the appearance of fairness and impartiality on the part of the Judiciary a Special Judge should be appointed.

We decline Judge Spindler's request for an appointment of a special judge and return the matter to his jurisdiction. Trial Rule 79(C) governs recusal of a judge. It provides in part relevant to this case:

A judge shall disqualify and recuse whenever the judge...: (4) is otherwise associated with the pending litigation in such fashion as to require disqualification in accordance with Canon 3(E) of the Code of Judicial Conduct.

Canon 3(E) in turn provides in part relevant to this case:

A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where: (a) the judge has a personal bias or prejudice concerning a party for a party's lawyer, or personal knowledge of disputed evidentiary facts concerning the proceeding.

■ We see nothing in either the defendant's November 26, 2003, pleading nor in Judge Spindler's certification that creates any basis for believing that the judge's impartiality might reasonably be questioned here. "[T]he above matters" referred to in the defendant's pleading are simply a recitation of various events which had taken place in the history of this case, only one of which involved action on the part of the court—setting a hearing date. While the defendant may have wanted the court to take some other action more favorable to him, the raw allegation that the judge would never rule against the law firm of plaintiff's counsel because of the "relationship" between a lawyer in the firm and the judge creates no reasonable question about the judge's impartiality.

Some years ago our court had occasion to publish a decision in a case where a litigant attempted to force the disqualification of the presiding judge in the litigant's case by naming the judge as a third-party defendant. We emphatically rejected the judge's certification for appointment of a special judge, pointing out:

The circumstances so revealed show prima facie that the defendants in a civil action are engaged in a pattern of conduct the purpose of which is to totally stultify the judicial power of the Wabash Circuit Court as it may be directed toward them. Such power is vested in the court through the grant in Article 7,

Section 1, of the Indiana Constitution. Their goal of insulating themselves from judicial authority is being accomplished through the artifice of filing a claim against the sitting judge, thereby imposing upon the judge the automatic duty of self-disqualification required by said rule. If this can be successfully achieved by the filing of specious claims, it can be repeated when any successor judge assumes jurisdiction in their case. The end result of the success of such a plan is constitutionally intolerable.

Article 1, Section 12, of the Indiana Constitution provides as follows:

All courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase, completely, and without denial; speedily, and without delay.

Under this provision, this court is bound to construe and apply its rules governing the conduct of courts in such a manner as to be consistent with this provision so as to maintain the courts open for the administration of justice. To permit our rules to be applied in the manner intended prima facie by the parties below, would be to renounce this binding duty.

*In re Appointment of A Special Judge In Wabash Circuit Court,* 500 N.E.2d 751 (Ind. 1986).

■ While the defendant in this case did not use precisely the same technique to induce the judge here to certify this case to us for appointment of a special judge, we see little distinction on that basis. To repeat, the raw accusation that a judge will never rule against a particular law firm because of the judge's "relationship" with a lawyer in it does not create a reasonable question about the judge's impartiality.

Indeed, given the judge and lawyer here, such an assertion is absurd. As in *Wabash Circuit Court,* a party cannot be permitted to disqualify a single judge (or the judges of a county) simply by alleging bias.

IT IS, THEREFORE, ORDERED that jurisdiction of this matter is remanded to the Noble Superior Court and Judge Spindler.